PUBLIC PARKS AMUSEMENT CO. *v.* EMBREE–MCLEAN CARRIAGE CO.

Opinion delivered April 17, 1897.

CONFLICT OF LAWS—EXTRA-TERRITORIALITY.—A statute of Missouri providing that a conditional sale of a chattel with reservation of the title in the vendor until payment of the purchase money shall be void as to subsequent purchasers in good faith and creditors unless such condition shall be evidenced in writing, acknowledged and recorded, has no operation or effect where the vendee, after buying a chattel in that state, brings the property into this state and sells it. (Page 33.)

SAME—WHEN LEX FORI GOVERNS.—A statute of Missouri providing that one who sells a chattel with reservation of title in the vendor until payment of the purchase money shall tender part of the purchase money received before bringing suit to recover the property pertains to the remedy, and is inapplicable in a suit brought in this state to recover a chattel so sold in Missouri. (Page 33.)

Appeal from Garland Circuit Court.

ALEXANDER M. DUFFIE, Judge.

STATEMENT BY THE COURT.

This is an action in replevin by the appellee to recover certain passenger carts, a wagonette, and a phaeton sold and delivered by the appellee to the appellant upon the condition that the title to the same should remain in the appellee until they should be fully paid for.

Following is a copy of one of the notes, all of which are alike substantially, that were given for the purchase price of the vehicles:

"$127.34.                          St. Louis, May 21, 1891.

"Six months after date we, or either of us, promise to pay to the Embree-McLean Carriage Company, of St. Louis, Missouri, or order, one hundred twenty-seven 34-100 dollars, with exchange, and interest at 10 per cent. per annum from maturity. Value received. Negotiable. Payable at No. 15 South 10th street, St. Louis, Missouri. It is understood and agreed that the title to the four two-passenger children's carts for which this note is given is, and shall remain, in the said Embree–McLean Carriage Company until this note is fully paid; it being further agreed and admitted that the said Embree–McLean Carriage Company, or assigns, have full power to take possession of the personal property herein described whenever they deem themselves insecure, even before the maturity of this note, in which event this note shall remain in full force, in consideration of the previous use of the said property, and damage on contract, which is hereby acknowledged. If this note is not paid at maturity, it shall then be due and payable at St. Louis," etc.

The statutes of Missouri in reference to conditional sales, relied on by the appellant in its defense, are as follows:

"Sec. 5180. Conditional Sales Void as to Creditors unless Recorded. In all cases where any property shall be sold to any person, to be paid for in whole or in part in installments, or shall be leased, rented, hired or delivered to another on condition that the same shall belong to the person purchasing, leasing, renting, hiring or receiving the same whenever the amount paid shall be a certain sum, or the value of such property, the title to the same to remain in the vendor, lessor, renter, hirer, or deliverer of the same until such sum, or the value of such property, or any part thereof, shall have been paid, such condition, in regard to the title so remaining until such payment, shall be void as to all subsequent purchasers in good faith and creditors, unless such condition shall be evidenced by writing executed, acknowledged and recorded as provided in cases of mortgages of personal property.

"Sec. 5181. Duty of Vendor before Taking Possession of Property. Whenever such property is so sold or leased, rented, hired, or delivered, it shall be unlawful for the vendor, lessor,

renter, hirer, or deliverer, or his or their agent or servant, to take possession of said property without tendering or refunding to said purchaser, lessee, renter or hirer thereof, or any party receiving the same, the sum or sums of money so paid, after deducting therefrom a reasonable compensation for the use of such property, which shall in no case exceed 25 per cent. of the money so paid, anything in the contract to the contrary notwithstanding, and whether such conditions be expressed in such contract or not, unless such property has been broken or actually damaged, and then a reasonable compensation for such breakage or damage shall be allowed."

The court upon motion of appellee gave the following instructions:

"First.  You are instructed that if you find from the evidence that the defendant, the Public Parks Amusement Company, executed the notes which were attached as exhibits to the deposition of James G. Embree, with the reservation of title therein contained, you should find for the plaintiff, Embree-McLean Carriage Company.

"Second.  You are instructed that if you find from the evidence that the title to the wagonettes, phaeton, and carts was reserved in the vendor, Embree-McLean Carriage Company, until the price for each was paid, that the title remained in the said plaintiff until such condition was performed; and if you should further find that the vendee, Public Parks Amusement Company, afterward executed the deed of trust on said vehicles to John Loughran, trustee, for the benefit of Edward Butler, in good faith for a valuable consideration, that such deed of trust would not give any title to said trustee, John Loughran, nor to the said Edward Butler, which would defeat the plaintiff's right of action for the recovery of said vehicles.

"Third.  The laws of the state of Missouri which have been read in evidence by the defendant are excluded from your consideration as competent testimony in the case."

The Public Parks Amusement Company and John Loughran, intervener, objected to the giving of each of the above instructions and saved their exceptions.

The Public Parks Amusement Company and the intervener, Loughran, asked the court to instruct the jury as follows, to-wit:

"First. The court instructs the jury that if they find from the evidence that on the 12th day of September, A. D., 1891, the Public Parks Amusement Company was in the possession of the property sued for in this cause, and on the 12th day of September, 1891, executed to John Loughran, trustee, for the use and benefit of Edward Butler, a deed of trust in which was included the property described in the complaint, and said deed of trust was so given and executed to secure the payment of a note of $10,000, and that said deed of trust was recorded in Record Book, volume 6, pages 562 and 563 of the records of Garland county, Arkansas, and that said deed of trust was so executed and recorded before the institution of this suit, and that said $10,000 had not been liquidated by the Public Parks Amusement Company, they will find that the claim of Edward Butler is a valid lien on said property, and that his rights under said deed of trust cannot be defeated by the plaintiff in this suit; and they will find for the said Edward Butler upon his claim and petition filed herein, and will find against the claim of plaintiff for the possession of the property, so far as John Loughran, as trustee, and Edward Butler, as *cestui que trust*, are concerned.

"Second. The court instructs the jury that if from the evidence they believe that, prior to the taking of the possession of the property under the process of the court in this case, the plaintiff wholly failed to tender or refund to the purchasers, the Public Parks Amusement Company, the sum or sums so paid by the purchasers as part of the purchase money after deducting therefrom a reasonable compensation for the use of such property so sold to the defendant, not exceeding 25 per cent. of the amount so paid, they will find that the plaintiff cannot maintain this action, and they will find for the defendant."

The court refused both instructions asked by the Public Parks Amusement Company and the intervener, to which ruling said defendant and intervener at the time excepted.

*E. W. Rector*, for appellant.

These contracts were *Missouri* contracts, and governed by the laws of Missouri. 2 Rev. St. Mo. 1889, §§ 5180, 5181. These laws are a part of the contract. 16 Wall. 314; 3 Am.

& Eng Enc. Law, p. 502. The *rights* of the parties, and the *nature*, *validity* and *interpretation* of contracts are governed by *lex loci contractus;* but the remedies are to be governed by *lex fori.* *Ib.* 544–5; 7 Lawson, Rights, Rem. & Pr. §§ 3734, 3735. See 26 Ark. 356; 33 *id.* 645; 8 Pet. 361; 13 Pet. 378. Under the laws of Missouri, the legal title to the property passed to John Loughran as trustee, because he was a *subsequent purchaser*, and as to him the transactions were void because §§ 5180 and 5181 were not complied with.

*Charles D. Greaves*, for appellee.

Registration statutes have no extra-territorial force or effect. 93 Ala. 257. See 18 Ala. 248; 30 Minn. 244; 26 Ark. 356; 49 *id.* 287. The removal of the property to Arkansas made Arkansas the state of performance. Whart. Confl. Laws, §§ 341, 345, 401, 403, 418; 1 Otto, 406; 106 U. S. 124; 7 Wall. 139. As to the remedy, *lex fori* governs. 48 N. J. L. 410. See also 1 Otto, 406; 106 U. S. 124; 3 Am. & Eng. Enc. Law, 575, 576, 578; 37 N. H. 86; 40 N. Y. 339; 7 Lawson, Rights, Penn, & Pr. § 3734. The law of *situs* controls, irrespective of domicile. Freeman, Ex. §§ 109*a*, 209.

HUGHES, J., (after stating the facts.) The statute of Missouri, requiring the record in that state of an instrument by which title to personal property is retained in the vendor thereof, until payment therefor is fully made, to give it validity against creditors, has no operation or effect in Arkansas. By the laws of Missouri, as proved in this case, the reservation of title by the seller until the property is paid for, though invalid as against third persons, unless the contract is reduced to writing, acknowledged and duly recorded, is valid as between the parties; and if the purchaser, holding possession under such a conditional sale, brings the property into Arkansas, and here sells it to a third person, the title of the latter cannot prevail against that of the original vendor, under the laws of Missouri. *Weinstein* v. *Freyer*, 93 Ala. 257, and cases cited.

Under the settled decisions of this court, where the vendor of personal property expressly retains the legal title in himself until the purchase money is paid, no title passes to the purchaser by the delivery of possession, and he can convey none

3

to a subsequent purchaser, though without notice, until the purchase money is paid.

Was the repayment by the vendor to the vendee of the purchase money that had been received by the vendor, less 25 per cent., as required in such case by section 5181 of the Missouri Revised Statutes, a condition precedent to the right to sue for the recovery of the property in the state of Arkansas? The contract in this case was made and was to be performed in Missouri. This being true, the laws of Missouri must govern as to the validity, interpretation and construction of the contract. But the remedy to enforce it, or to recover damages for its breach, must be pursued according to the law of the forum where the suit is brought. *Jones* v. *Jones*, 18 Ala. 248, and cases cited. The law of the forum governs the remedy. A vendor of personal property in this state, on condition that the title remain in him till the purchase money is paid, is not required by our statute to refund any of the purchase money he may have received before bringing suit to recover the property. This requirement of the Missouri statute pertains to the remedy, and does not affect the validity, interpretation, or construction of the contract. The contract was valid in Missouri, where it was made and to be performed, and is valid here where it is to be enforced.

Finding no error, the judgment is affirmed.