Carroll,
Dec., 1898.

## DAVIS v. OSGOOD.

The lien of a conditional vendor is not enforceable in this state, if invalid by the law of the state where the sale was made.

TROVER. Facts found by the court. The plaintiff, at Ellsworth, Maine, sold and delivered to one Ricker, of Conway, in this county, three carriages, and in part payment therefor received from him time notes in which it was agreed that the carriages were to remain the plaintiff's property until the notes and interest thereon were paid. The notes and the agreement were recorded in Conway, but were not recorded in Ellsworth. Subsequently, Ricker mortgaged the carriages to the defendant, who sold them under the mortgage. The notes have not been paid.

It is provided by the laws of Maine as follows : " No agreement that personal property bargained and delivered to another, for which a note is given, shall remain the property of the payee until the note is paid, is valid unless it is made and signed as a part of the note . . . and unless it is recorded like mortgages of personal property." Maine R. S., c. 111, s. 5. " No mortgage of personal property is valid against any other person than the parties thereto, unless possession of such property is delivered to and retained by the mortgagee, or the mortgage is recorded by the clerk of the city, town, or plantation organized for any purpose, in which the mortgagor resides. When all the

mortgagors reside without the state, the mortgage shall be recorded in said city, town, or plantation where the property is when the mortgage is made." *Ib., c.* 91, *s.* 1.

*James A. Edgerly,* for the plaintiff.

*Frank Weeks,* for the defendant.

PIKE, J.  The contract between the plaintiff and Ricker was a conditional sale of chattels in Maine, and its validity is to be tested by the laws of that state. *Cleveland Machine Works* v. *Lang,* 67 N. H. 348, 363, and cases there cited.  Since the conditional vendee resided in New Hampshire, the sale to be valid against " any other person than the parties thereto " required that the notes and agreement be recorded in Ellsworth, where the property was when the notes and agreement were executed. The neglect to have them so recorded was fatal to the plaintiff's claim.   The provisions of our statute respecting the records of such sales (P. S., *c.* 140, *s.* 23) apply only to sales that are made within the state.  They have no extra-territorial force. *Cleveland Machine Works* v. *Lang, supra; Dorntee Casket Co.* v. *Gunnison, ante, p.* 297.

*Judgment for the defendant.*

BLODGETT, C. J., did not sit : the others concurred.