HARRY WURZEL v. S. DELPH'S SONS.

1. Requirement of Refunder of Part of Payment Made on Chattels Conditionally Sold Applies to Remedy and Operates in Ohio against Recovery on Sales Made in Other States.

> The provision of Gen. Code 8570 requiring one who sells chattels with reservation of title till payment of price to tender or refund back part of the money already paid before taking possession, pertains only to the remedy and will be observed by the courts whose jurisdiction is invoked to recover possession of the property where such sales have been made in another state.

2. West Virginia Laws Conflicting with Ohio Laws as to Refunder of Part Payments on Chattels Sold with Title Reserved in Seller not Enforcible Here.

> The laws of West Virginia on the subject of conditional sales of chattel property not requiring the vendor in such sales to tender or refund to the purchaser of such property or any party receiving it from the vendor any portion of the money paid for the property before recovering possession of the same, although more than 25 per cent of the contract price has been paid, being in conflict with the established policy of our own state on the subject as shown by our statutes, will not be enforced by the courts of this state.

ERROR to common pleas court.

*W. F. Lones,* for plaintiff in error.

*W. B. Hill,* for defendant in error.

**NORRIS, J.**

This is a petition in error to reverse a judgment of the court of common pleas in a replevin case.

S. Delph's Sons brought an action before a justice of the peace to recover possession of two pool tables. Such proceedings were had that the case was appealed to the court of common pleas, and there tried on the pleadings and an agreed statements of facts. Judgment was rendered in favor of the plaintiff therein.

Columbiana County.

The material facts are as follows: S. Delph's Sons doing business in Pittsburg, Pa., on Sept. 7, 1905, made an agreement to sell to J. W. Woolsey of Chester, W. Va., four pool tables for $508. A portion of the purchase price was paid down and the balance was to be paid in monthly installments on the seventh day of each month ensuing until the full purchase price was paid, S. Delph's Sons by the contract retaining title until the purchase price for the tables was paid in full. This written agreement of conditional sale was filed with the clerk of Hancock county, W. Va., in accordance with the laws of that state.

Some time thereafter Woolsey removed the tables to Liverpool or Wellsville in the state of Ohio, and there sold them to one Campbell and took a chattel mortgage back to secure the purchase price. This chattel mortgage was subsequently transferred to the Reggs company who finally took possession of the tables under the mortgage, sold them at public sale and bid them in, and thereafter sold them to the defendant for valuable consideration, he purchasing them in good faith without any knowledge or notice of any prior claim on the part of the plaintiffs or other persons to the tables. The defendant took possession of the tables and kept them for some time.

It appears they were in Ohio for two or three years prior to the commencement of this action before the justice of the peace. No claim, contract or lien against the tables was filed by plaintiffs under the law of the state of Ohio. By the law of the state of West Virginia such written agreements of conditional sale must be filed with the county clerk stating the claim of the vendor. There is no provision in the law of West Virginia requiring the payment or tender back to the vendee of any portion of the money paid on such conditional sale as a condition to recovering possession of the property in that state.

There appears to have been paid prior to the removal of the tables from Chester the sum of $308, leaving a balance due of $200. No repayment or tender back of any portion of the money paid was made by the plaintiffs prior to bringing their action.

Under such statement of facts, had the plaintiffs the right to recover possession of the property? Will the courts of Ohio

Wurzel v. Delph's Sons.

enforce the law of West Virginia in this kind of a case, or should the law of Ohio be applied? The law of West Virginia is not pleaded but is found in the agreed statement of facts. Gen. Code 8570 of Ohio reads as follows:

"When such property except machinery equipment and supplies for railroads and contractors, for manufacturing brick, cement and tiling, and for quarrying and mining purposes, is so sold or leased, rented, hired or delivered, the person who sold, leased, rented, hired, delivered or his assigns or the agent or servant of either or their agent or servant shall not take possession of such property, without tendering or refunding to the purchaser, lessee, renter, or hirer thereof or any party receiving it from the vendor, the money so paid after deducting therefrom a reasonable compensation for the use of such property, which in no case shall exceed fifty per cent of the amount so paid, anything in the contract to the contrary notwithstanding, and whether such condition be expressed in the contract or not, unless such property has been broken, or actually damaged, when a reasonable compensation for such breakage or damage shall be allowed. But the vendor shall not be required to tender or refund any part of the amount so paid unless it exceeds twenty-five per cent of the contract price of the property."

Does this statute apply to the remedy? This was an action to recover possession of the property. The statute says possession shall not be taken without tendering or refunding back a portion of the amount paid. It appears in this case that such an amount had been paid that the statute required a portion thereof to be refunded or tendered back by the party seeking to recover possession.

It seems to us that the statute in express terms denies any remedy to a vendor under such circumstances without some tender back. If the above quoted statute applies to the remedy, then by familiar rule of law the law of Ohio should be enforced and not the law of the state of West Virginia.

In the case of *Heaton* v. *Eldridge,* 56 Ohio St. 87 [46 N. E. Rep. 638; 36 L. R. A. 817; 60 Am. St. Rep. 737], we find in the syllabus:

"Contracts receive their sanction from the law of the place
where they are executed and to be performed, and their inter-
pretation is controlled by that law; but the remedy upon the
contract will be administered according to the law of the place
where the remedy is sought."

The third proposition:

"An agreement which, by its terms, is not to be performed
within one year from the time it was made, will not be enforced
in this state, unless the · agreement, or some memorandum or
note thereof, is in writing, and signed by the party to be charged
or by some person authorized by him to sign it, although the
agreement was made in another state or country where it was
competent to prove the same by parol evidence."

In *Furgeson* v. *Clifford*, 37 N. H. 86:

"The remedy on chattel mortgages executed in another
state must be by *lex fori*."

In *Public Parks Amusement Co.* v. *Carriage Co.* 64 Ark.
29 [40 S. W. Rep. 482], the syllabus is as follows:

"Though a sale of chattels in Missouri, with reservation
of title in the seller till payment of price, is void as to subse-
quent *bona fide* purchasers, unless evidenced by a writing,
acknowledged and recorded, it is valid between the parties; and
if the purchaser brings the property into Arkansas, and con-
veys it to a third person, the law of the latter state governs
the conveyance, and such person acquired no title as against
the original seller, though the original contract was not
recorded.

"The statute of Missouri requiring one who sells chattels
with reservations of title till payment of price to refund
part of the money already paid, before retaking the property,
pertains only to the remedy, and does not govern a suit in
Arkansas to recover chattels so sold in Missouri."

Applying the law of this state as to remedy, the plaintiff
must fail in this case. In *Speyer* v. *Baker*, 59 Ohio St. 11 [51
N. E. Rep. 442], it is held:

"The purchaser is entitled to the possession of the prop-
erty under the circumstances of this case until there shall be re-
funded or tendered back the amount paid as a reasonable com-

Wurzel v. Delph's Sons.

pensation for the use of the property, and for any damage done while in his possession.''

And in *National Cash Register Co. v. Cervone,* 76 Ohio St. 12 [80 N. E. Rep. 1033], it is held that this statute applies to a mortgagee or purchaser from the original vendee.

Therefore, applying this statute, before the plaintiff can recover possession of the property in this state, tender back must be made in accordance with its provisions. But, aside from that question, can the statute of West Virginia be enforced in this state? It is urged that it cannot because the statute not providing for repayment of any portion of the purchase price paid before taking possession of the property, it is against the policy of this state, and therefore our courts would not enforce it.

The statutes of one state or country are not enforced by the courts of another state or country as a matter of right, but only as a matter of comity. As said in *Edgerly v. Bush,* 81 N. Y. 199, 204, in speaking of the statutes of Canada the court say:

''Yet the statutes of the land have no extraterritorial force *proprio vigore,* though often permitted by comity to operate in another state for the promotion of justice, where neither the state or its citizens will suffer any inconvenience from the application of them. The exercise of comity in admitting or restraining the application of the laws of another country must rest in sound judicial discretion, dictated by the circumstances of the case.''

When the statutes of another state or country are against the policy of the laws of our own state, our courts then refuse to enforce such foreign law.

In *Kanaga v. Taylor,* 7 Ohio St. 134 [70 Am. Dec. 62], we quote from the third proposition of the syllabus:

''By the law of comity between different states, the *lex loci contractus* controls as to the validity and construction of personal contracts, tho not as to the remedy or rule of evidence; nor where it clashes with the rights of our own citizens, or the policy of our own laws.''

*Kulp v. Fleming,* 65 Ohio St. 321, 340 [62 N. E. Rep. 334;

Columbiana County.

87 Am. St. Rep. 611]. The same rule is found in *The Kensington*, 183 U. S. 263 [22 Sup. Ct. Rep. 102; 46 L. Ed. 190]. In *Walworth* v. *Harris*, 129 U. S. 355 [9 Sup. Ct. Rep. 340; 32 L. Ed. 712], we quote from the syllabus:

"Although a court of one state will give effect to the law of domicile of another state, yet this is a mere principle of comity between the courts, which must give way when the statutes of a country where property is situated, or the established policy of its laws, prescribe to its court a different rule."

The statute of Ohio which we have quoted above establishes a very different rule in this class of cases as we have seen, and such statute we think must be held to establish the policy of this state in regard to the same, and the law of West Virginia being in conflict with the settled policy of our own law as enacted by the legislature, cannot be enforced by our own courts. For this reason the judgment of the court of common pleas was erroneous and the same will be reversed, and the case remanded for a new trial according to law.

**Pollock** and **Metcalfe, JJ.,** concur.