MERGENTHALER LINOTYPE CO. v. HULL.

In re PORTO RICO PROGRESS PUB. CO.

(Circuit Court of Appeals, First Circuit. December 6, 1916.)

No. 1183.

1. SALES ⬀451—CONDITIONAL SALE—LAW GOVERNING.
     The validity of a conditional sale contract is governed by the law of the place where it was entered into, and where it was executed by a delivery of the goods to a carrier for transportation to the buyer, not by the law of the place where it was contemplated by the parties the goods should be kept, and where in fact they were at the time the rights of subsequent purchasers or creditors arose.

     [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1323; Dec. Dig. ⬀451.]

2. SALES ⬀451—CONDITIONAL SALE—LAW GOVERNING—COMITY.
     Conditional sale contracts, which are valid under the law governing them at their execution, should be enforced as a matter of comity in other jurisdictions were the goods may be taken, unless such enforcement is contrary to the policy of the laws of that jurisdiction.

     [Ed. Note.—For other cases, see Sales, Cent. Dig. § 1323; Dec. Dig. ⬀451.]

3. SALES ⬀474(2)—CONDITIONAL SALE—VALIDITY—CREDITORS AND PURCHASERS.
     Under Civ. Code Porto Rico, § 1222, providing that contracting parties may make the agreements and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of law, morals, or public order, Rev. St. & Codes, § 4184, providing that creditors, after having attached the property of which the debtor may be in possession, may exercise all the rights and actions of the debtor, except those inherent in his person, and Acts 1916, p. 123, requiring the recording of conditional sale contracts, but virtually recognizing that such contracts were theretofore recognized by the law, an unrecorded conditional sale contract was valid prior to the later act, as against creditors, though under Civ. Code, § 1376, providing that, if the same thing is sold to different vendees, the ownership shall be transferred to the person who may have

first taken possession thereof in good faith, it was not valid as against subsequent bona fide purchasers.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1397; Dec. Dig. ⚖️474(2).]

4. BANKRUPTCY ⚖️140(1)—CONDITIONAL SALE—UNRECORDED CONTRACT—VALIDITY—STATUTE.

Under Personal Property Law N. Y. (Consol. Laws, c. 41) § 62, providing that all conditions in a conditional sale contract, accompanied by delivery of the goods reserving title in the vendor, shall be void as against subsequent purchasers, pledgees, or mortgagees in good faith, unless recorded, an unrecorded conditional sale contract is valid against the creditors of the buyer, so that the trustee in bankruptcy acquires no rights thereto under Bankr. Act July 1, 1898, c. 541, § 47a2, 30 Stat. 557, as amended by Act June 25, 1910, c. 412, 36 Stat. 840 (Comp. St. 1913, § 9631), providing that trustees in bankruptcy shall be vested with all rights, remedies, and powers of a creditor holding a lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 198, 199; Dec. Dig. ⚖️140(1).]

5. COURTS ⚖️405(17)—CIRCUIT COURT OF APPEALS—ASSIGNMENT OF ERROR—PLAIN ERROR.

The error of the District Court in holding that under Personal Property Law N. Y. § 62, making a conditional sale contract void against subsequent purchasers, pledgees, or mortgagees, made such contract invalid against creditors, is so plain and so closely related to an assignment that the court erred in ruling that the contract was governed by the law of New York, and not by that of Port Rico, where such a contract was valid against creditors, that it will be considered, in order to do justice, though it was not specifically noted in the assignments of error.

[Ed. Note.—For other cases, see Courts, Dec. Dig. ⚖️405(17).]

Appeal from the District Court of the United States for the District of Porto Rico; Hamilton, Judge.

In the matter of the Porto Rico Progress Publishing Company. Petition by the Mergenthaler Linotype Company against Harwood Hull, trustee, for the delivery of certain machines claimed by it. Decree denying the petition, and petitioner appeals. Reversed and remanded, with directions to enter a decree for petitioner.

Bradford Butler, of New York City, for appellant.
Francis E. Neagle, of New York City, for appellee.

Before DODGE and BINGHAM, Circuit Judges, and ALDRICH, District Judge.

BINGHAM, Circuit Judge. The Porto Rico Progress Publishing Company, a Porto Rico corporation, was adjudged a bankrupt on December 7, 1914, by the United States District Court of Porto Rico, and among the assets coming into the possession of the trustee were two linotype machines, which had been furnished to the bankrupt by the Mergenthaler Linotype Company, a New York corporation. June 3, 1915, the Mergenthaler Company filed a petition with the referee in bankruptcy, alleging that the machines were its property, that they were leased to the bankrupt; and asking that they be delivered to the petitioner. The trustee filed an answer, denying the material allegations of the petition, and alleging, among other things, that the

two contracts by which the bankrupt acquired possession of the machines were not leases, but were conditional sales; that the retention of title by the Mergenthaler Company provided for in the contracts was void; and that the machines were the property of the bankrupt. The referee found and ruled that the contracts were conditional sales, not leases; that they were signed in New York, and were executed there by the delivery of the machines to a common carrier for transportation to Porto Rico; that the law of New York governed the validity and effect of the contracts; and that, as they were conditional sale contracts, it was necessary, under the law of New York, in order to render them valid against creditors, that they should be recorded, and, not having been recorded there, the retention of title by the Mergenthaler Company was void as against creditors of the Publishing Company and as against the trustee, who possessed the rights of a creditor, and dismissed the petition. On a petition for review the District Court entered a decree affirming the action of the referee. The present proceeding is an appeal by the Mergenthaler Company from the decree of the District Court.

Among the errors assigned are the following:

(1) The court erred in finding the instruments in question are conditional sale agreements, and not leases.

(2) The court erred in holding that conditional sales of movable property are not authorized by the laws of Porto Rico.

(3) The court erred in holding that the contracts in question are governed by the law of New York, and not by the law of Porto Rico.

In discussing the questions raised by the assignments of error, we will assume, for purposes of decision in this case, that the court below was right in construing the contracts to be conditional sales, and not leases, with an option of purchase at the termination of the rental period. The principal question then presented is raised by the third assignment above, to the effect that the court erred in holding that the contracts in question are governed by the law of New York, and not by the law of Porto Rico.

[1] The appellant's position is that, notwithstanding the contracts were signed in New York, and were executed there by delivery of the machines to the agent of the Publishing Company, nevertheless, as the contracts contemplate that the machines should be taken to Porto Rico, and remain in the possession of the Publishing Company so long as it made the payments stipulated for, so far as the acquisition of rights in the property during this period by creditors of the Publishing Company is concerned, the contracts are governed by the law of Porto Rico, and not of New York. In support of this position the appellant relies largely upon the decision, and the reasons given therefor, in the case of Marvin Safe Company v. Norton, 48 N. J. Law, 418, 7 Atl. 418, 57 Am. Rep. 566. In that case the action was trover for a safe which the plaintiff had sold by conditional sale to one Schwartz. The contract was signed in Pennsylvania, and delivery was made in that state to a common carrier for shipment to Schwartz, in New Jersey. Schwartz was to pay $84 for the safe, $7 down and the balance in payments of $7 per month. He made three payments,

and thereafter sold the safe to the defendant Norton, who purchased it without notice of Schwartz's agreement with the plaintiff. In the lower court the defendant recovered judgment, and the reason assigned was that, having bought and paid for the safe bona fide, the title to the property, by the law of Pennsylvania, was transferred to him. In the Supreme Court the judgment entered in the lower court was reversed, and judgment was entered for the plaintiff. De Pue, J., delivered the opinion of the court. He states the law of Pennsylvania to be:

"That, upon a sale of personal property, with delivery of possession to the purchaser, an agreement that title should not pass until the contract price should be paid is valid as between the original parties, but that creditors of the purchaser, or a purchaser from him bona fide by a levy under execution or a bona fide purchase, will acquire a better title than the original purchaser had, a title superior to that reserved by his vendor," and that, "so far as the law of Pennsylvania is applicable to the transaction, it must determine the rights of these parties."

And, in stating the law of New Jersey, he says:

"Conditional sales * * * have been held valid, not only against the immediate purchaser, but also against his creditors and bona fide purchasers from him, unless the vendor has conferred upon his vendee indicia of title beyond mere possession, or has forfeited his right in the property by conduct which the law regards as fraudulent."

He then states the facts under which the sale took place, and says that:

"Delivery of the safe to the carrier in pursuance of the contract was delivery to Schwartz, and was the execution of the contract of sale. His title, such as it was, under the terms of the contract, was thereupon complete."

As to the law governing the validity and effect of the contract, he says the rule is:

That when "the place where the contract is made is also the place of performance and of the situs of the property, the law of that place enters into and becomes a part of the contract, and determines the rights of the parties to it"; that "the contract between Schwartz and the company having been made and also executed in Pennsylvania by the delivery of the safe to him, as between him and the company Schwartz' title will be determined by the law of Pennsylvania"; that, although by the law of Pennsylvania the title reserved in the safe company was valid as between Schwartz and the company, after the property was brought into New Jersey it became subject to the laws of New Jersey; that, as the contract of sale between Schwartz, the conditional vendee, and Norton was made and executed in New Jersey, where the situs of the property was, it was a New Jersey transaction; that, therefore, the construction and legal effect of that contract, and the rights of the purchaser under it, are determined by the law of New Jersey. "By the law of * * * [that] state, Norton, by his purchase, acquired only the title of his vendor—only such title as the vendor had when the property was brought into * * * [that] state and became subject to * * * [its] laws."

He then proceeds and holds:

That "the doctrine of the Pennsylvania courts, that a reservation of title in the vendor upon a conditional sale is void as against creditors and bona fide purchasers, is not a rule affixing a certain construction and legal effect to a contract made in that state. The legal effect of such a contract is conceded to be to leave the property in the vendor. The law acts upon the fact of possession by the purchaser under such an arrangement, and makes it an

indelible badge of fraud, and a forfeiture of the vendor's reserved title as in favor of creditors and bona fide purchasers. The doctrine is founded upon consideration of public policy adopted in that state, and applies to the fact of possession and acts of ownership under such a contract, without regard to the place where the contract was made, or its legal effect considered as a contract"; that "the public policy which has given rise to the doctrine of the Pennsylvania courts is local, and the law which gives effect to it is also local, and has no extraterritorial effect."

Having arrived at this conclusion, he states his application of the law, as follows:

"In the case in hand, the safe was removed to this state by Schwartz as soon as he became the purchaser. His possession, under the contract, has been exclusively in this state. That possession violated no public policy—not the public policy of Pennsylvania, for the possession was not in that state; nor the public policy of this state, for in this state possession under a conditional sale is regarded as lawful, and does not invalidate the vendor's title unless impeached for actual fraud. * * * The title was in the safe company when the property in dispute was removed from the state of Pennsylvania. Whatever might impair that title—the continued possession and exercise of acts of ownership over it by Schwartz, and the purchase by Norton— occurred in this state. The legal effect and consequences of those acts must be adjudged by the law of this state. By the law of this state it was not illegal nor contrary to public policy for the company to leave Schwartz in possession as ostensible owner, and no forfeiture of the company's title could result therefrom. By the law of this state, Norton, by his purchase, acquired only such title as Schwartz had under his contract with the company. Nothing has occurred which by our law will give him a better title. The judgment should be reversed."

It will be recalled that the court, in the early part of its opinion, states:

That "the delivery of the safe to the carrier [in Pennsylvania] in pursuance of the contract was delivery to Schwartz, and was the execution of the contract of sale," and that "his title, such as it was, under the terms of the contract, was thereupon complete."

This shows that Schwartz acquired possession of the safe upon its delivery in Pennsylvania, and that his possession under the contract was during a portion of the time, at least, in Pennsylvania, and could not have been exclusively in New Jersey. The obvious purpose of the court in stating that the possession of the conditional vendee was exclusively in New Jersey was to avoid, if possible, the application of the law of Pennsylvania, which the court recognized as applicable, and would render the reserved title of the vendor void as against bona fide purchasers if the conditional vendee obtained possession of the property in that state. This misstatement of fact resulted in a misapplication of the law. The conditional vendee obtained possession of the property in Pennsylvania, the sale was made there, and the title to the property as between the parties to the contract and as respects third parties became fixed by the law of Pennsylvania. By that law the reservation of title in the vendor was valid as between the parties, but was defeasible and invalid as respects attaching creditors and bona fide purchasers. When the property was removed to New Jersey, the reserved title of the vendor as respects attaching creditors of and bona fide purchasers from the vendee did not become

absolute, but remained defeasible and invalid the same as it was in Pennsylvania.

In view of this we do not think this decision or any others following the same line of reasoning and based upon a like state of facts (Weinstein v. Freyer, 93 Ala. 257, 9 South. 285, 12 L. R. A. 700; Public Parks Amusement Company v. Embree-McLean Carriage Co., 64 Ark. 29, 40 S. W. 582) should be followed. If the delivery of possession had been in New Jersey, there could be no question but that the contract would be governed by the law of that state. But, as possession was obtained by the conditional vendee in Pennsylvania, and, under the law of that state, the title of the vendor was defeasible and invalid as respects third persons, though valid as between the parties to the contract, the title, thus affixed to the property continued with it after removal to New Jersey, and should have enabled a bona fide purchaser to acquire a good title there as well as in Pennsylvania, for the law of the latter state did not contravene the policy of the law of New Jersey.

The case of Hervey et al. v. Rhode Island Locomotive Works, 93 U. S. 664, 23 L. Ed. 1003, is not in point. In that case the vendor of a locomotive engine brought replevin in Illinois against Hervey, who purchased the engine from a sheriff, who had attached it in a suit brought by a creditor against the conditional vendee. The engine was originally sold under a conditional bill of sale, signed by the vendor in Rhode Island and by the vendee in New York, and the engine was delivered to the vendee in Rhode Island and taken to Illinois, where it was attached and sold as above stated. The instrument embodying the agreement was not recorded either in Rhode Island or Illinois prior to the attachment. It was held that the Chattel-Mortgage Act of Illinois (Rev. St. 1874, pp. 711, 712) required:

"That the instrument of conveyance, if it have the effect to preserve a mortgage or lien on the property, must be recorded, whether the party to it be a resident or nonresident of the state. If this be not done, the instrument, so far as third persons are concerned, has no validity."

All this case stands for is that, if the title reserved to the vendor in Rhode Island, where the contract was made and executed, was valid as respects third parties, the courts of Illinois were not bound to recognize the vendee's title as valid, as the contract contravened the policy of the law of that state, in that its recording act required that such a contract, wherever made and executed, to be valid as against creditors, should be recorded in Illinois, if the property was to remain in the possession of the conditional vendee after it was brought into that state. This is an important point to keep in mind in considering cases involving questions of this nature.

In some states, as in Illinois, it is held that its recording acts apply to contracts of conditional sale, wherever made and executed, if the property is to be brought into the state and remain in the vendee's possession. In others these acts are held to apply only to conditional sales executed by the delivery of possession in the state where the recording act was enacted (Machine Works v. Lang, 67 N. H. 348, 31 Atl. 20, 68 Am. St. Rep. 675; Davis v. Osgood, 69 N. H. 427, 44 Atl.

432; Dorntee Casket Co. v. Gunnison, 69 N. H. 297, 45 Atl. 318);
while in others it is held that the recording act applies, not only to
contracts executed by delivery of possession within the state where
the recording act prevails (Knowles Loom Works v. Vacher, 57 N.
J. Law, 490, 31 Atl. 306, 33 L. R. A. 305), but to contracts made and
executed by delivery of possession in another jurisdiction, if the con-
tract contemplates the removal to and possession of the property by
the vendee in such state (Lees v. Harding, Whitman & Co., 68 N. J.
Eq. 622, 60 Atl. 352, 355).

In Davis v. Osgood, 69 N. H. 427, 44 Atl. 432, the action was trover
by the conditional vendor against a mortgagee of the conditional
vendee who had sold the property under the mortgage given him by
the conditional vendee. The property was situated and the contract
of conditional sale was made and executed in Ellsworth, Me., by de-
livery of the property to the vendee, who removed it to New Hamp-
shire, and there mortgaged it to the defendant. The conditional sale
was recorded in New Hampshire, but not in Maine. The law of
Maine required the agreement to be recorded, and provided that it
should be invalid as against any other person than the parties thereto
unless recorded in the town where the vendee resided, or, if he resided
without the state, unless it was recorded in the place where the prop-
erty was when the contract was made. In that case it was held that
judgment should be entered for the defendant, for the reason that the
contract was governed by the law of Maine, where the sale was exe-
cuted by delivery of possession, and that, under that law, the reserved
title of the vendor was invalid as against any other person than the
parties to the contract, in that it was not recorded as required. In
the opinion of the court it was said:.

"The contract between the plaintiff and Ricker [the vendee] was a condi-
tional sale of chattels in Maine, and its validity is to be tested by the laws
of that state. Cleveland Machine Works v. Lang, 67 N. H. 348, 363 [31 Atl.
20, 68 Am. St. Rep. 675], and cases there cited. Since the conditional vendee
resided in New Hampshire, the sale to be valid against 'any other person
than the parties thereto' required that the notes and agreement be recorded
in Ellsworth, where the property was when the notes and agreement were
executed. The neglect to have them so recorded was fatal to the plaintiff's
claim. The provisions of our statute respecting the records of such sales
(P. S. c. 140, s. 23) apply only to sales that are made within the state. They
have no extraterritorial force."

[2, 3] As the contracts between the Mergenthaler Company and
the Publishing Company were made in New York, and executed there
by delivery of possession to the Publishing Company, the contracts
are governed by the law of that state and, if valid there, they should,
as a matter of comity, be upheld and enforced in Porto Rico, unless
such enforcement would be in contravention of the policy of its laws.
From the time the property was brought into Porto Rico by the ven-
dee to the time it was turned over to the trustee in bankruptcy it re-
mained in the possession of the vendee. During this period the laws
of Porto Rico did not require that conditional sales of personal prop-
erty should be recorded. In 1916 the Legislature of Porto Rico pass-
ed a conditional sale recording act based largely upon the New York

statutes.  Laws Porto Rico 1916, p. 123.  This act virtually recognizes that contracts of conditional sale were theretofore sanctioned under the laws of Porto Rico, and provides that thereafter the reserved title will be valid as against everybody, if recorded, but invalid as against certain persons dealing with the conditional vendee in good faith, if not recorded.  That such contracts are sanctioned by the law of the island is also evident from the language of section 1222 of the Civil Code of Porto Rico, where it is provided:

"Contracting parties may make the agreement and establish the clauses and conditions which they may deem advisable, provided they are not in contravention of law, morals, or public order."

It would seem, however, that, while under the law of the island prior to the recording act the reserved title of the vendor in a conditional sale would be good as between the parties, it would not be so as against purchasers in good faith from the conditional vendee.  This is shown by section 1376 of the Civil Code, which provides:

"If the same thing should have been sold to different vendees, the ownership shall be transferred to the person who may have first taken possession thereof in good faith, if it should be personal property."

No provision of the Code or decision has been brought to our attention showing that a title so held, the possession being in the vendee, would be invalid as respects creditors of the vendee.  On the contrary, it appears that creditors could attach and hold only such interest in property in the possession of the conditional vendee as the conditional vendee had, for section 4184 of the Rev. St. & Codes provides that:

"Creditors, after having attached the property of which the debtor may be in possession, in order to collect all that is due them, may exercise all the rights and actions of the latter for the same purpose, excepting those inherent in his person. * * *"

[4] The law of New York is not in conflict with the law of Porto Rico, for under it the reserved title of the conditional vendor is absolute as against creditors, though defeasible as against purchasers in good faith from the conditional vendee.  Consolidated Laws N. Y. 1909, c. 41; Personal Property Law N. Y. § 62 et seq.; Bryant v. Swofford Bros. Dry Goods Co., 214 U. S. 279, 290, 29 Sup. Ct. 614, 53 L. Ed. 997; Prentiss Tool & Supply Co. v. Schirmer, 136 N. Y. 305, 310, 32 N. E. 849, 32 Am. St. Rep. 737; Hewit v. Berlin Machine Works, 194 U. S. 296, 301, 24 Sup. Ct. 690, 48 L. Ed. 986.  Section 62 reads:

"Except as otherwise provided in this article, all conditions and reservations in a contract for the conditional sale of goods and chattels, accompanied by delivery of the thing contracted to be sold, to the effect that the ownership of such goods and chattels is to remain in the conditional vendor or in a person other than the conditional vendee, until they are paid for, or until the occurrence of a future event or contingency, shall be void as against subsequent purchasers, pledgees or mortgagees, in good faith, and as to them the sale shall be deemed absolute, unless such contract of sale, containing such conditions and reservations, or a true copy thereof, be filed as directed in this article, and unless the other provisions of the lien law applicable to such contracts are duly complied with."

[5] In the opinion of the District Court section 62 of the New York Statutes is cited to sustain the proposition that, under the law of that state, the title of the vendor is not good as against creditors of the vendee; but it is evident that the court could not have had the text of the law before it, for, if it had, it could not have reached such a conclusion. This error, although not specifically noted in the assignments of error, is such an obvious one, and so related to the third assignment of error above specified, that we feel called upon to consider it in order to do justice and make a complete and final disposition of the case.

Section 47a2 of the Bankruptcy Act of July 1, 1898 (30 Stat. 557, c. 541), as amended in 1910 (Act June 25, 1910, c. 412, 36 Stat. 840 [Comp. St. 1913, § 9631]), defines the rights of trustees as follows:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

This act has been held to confer upon the trustee the rights which the bankrupt or any of his creditors possessed or might lawfully possess at the time of the filing of the petition. Hewit v. Berlin Machine Works, 194 U. S. 296, 24 Sup. Ct. 690, 48 L. Ed. 986; Potter Mfg. Co. v. Arthur, 220 Fed. 843, 136 C. C. A. 589, Ann. Cas. 1916A, 1268; Clark v. Snelliny, 205 Fed. 240, 123 C. C. A. 430; In re Floyd-Scott Co. (D. C.) 224 Fed. 987; In re Pittsburg-Big Muddy Coal Co., 215 Fed. 703, 132 C. C. A. 81; Root Mfg. Co. v. Johnson, 219 Fed. 397, 407, 135 C. C. A. 139. But as the Press Company, the conditional vendee, had no title to the property, by reason of its failure to comply with the conditions of its contract, and the reserved title of the Mergenthaler Company is valid as to creditors of the vendee, the trustee, who stands no better than the vendee or its creditors, has no right to retain the property

The decree of the District Court is reversed, the case is remanded to that court, with directions to enter a decree in favor of the petitioner, and the petitioner is awarded costs in this court.

⚫For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes