BUCHANAN–VAUGHAN AUTO CO. v. WOOSLEY. (No. 2221.)

(Court of Civil Appeals of Texas. Texarkana. Dec. 11, 1919.)

1. COURTS ☞516 — WILL ENJOIN SUIT BETWEEN CITIZENS PROSECUTED IN ANOTHER STATE TO AVOID LOCAL LAW.

Court of Texas will enjoin suit for personal property and damages between citizens of Texas brought in Arkansas, if under the law that Texas courts would apply there would be a defense of innocent purchaser, but no defense under the law that Arkansas courts would apply.

2. CHATTEL MORTGAGES ☞6—TITLE TO AUTOMOBILE PASSED NOTWITHSTANDING RESERVATION THEREOF TILL PAYMENT.

Under Vernon's Sayles' Ann. Civ. St. 1914, art. 5654, a contract of sale of an auto in Texas, where the contract was made and was to be performed, passed title, leaving in the seller no other interest than that of lienor, notwithstand-

ing provision reserving title to the seller till paid for.

3. **Contracts** ⊜⟶2, 144—Validity and construction of Texas contract determined by Texas law.

Arkansas courts will, as Texas courts would in a like controversy, apply the laws of Texas in determining the validity, interpretation, and construction of a contract made and to be performed in Texas.

Appeal from District Court, Bowie County; R. W. Rogers, Special Judge.

Suit by J. D. Woosley against the Buchanan-Vaughan Auto Company. From an order overruling motion to dissolve a temporary injunction, defendant appeals. Reversed, rendered, and remanded with instructions.

This appeal is from an order of the special judge of the Bowie county, Tex., district court overruling a motion by the appellant auto company to dissolve a temporary injunction restraining it from further prosecuting a suit it had commenced against appellee in the Miller county, Ark., circuit court to recover possession of an automobile it sold to one Parker, and damages for detaining it, or, in the alternative, for the value (alleged to be $700) of said car and such damages. The motion was disposed of by the special judge on the pleadings of the parties and certain affidavits presented by them. From those pleadings and affidavits it appeared that on August 29, 1919, appellant, a corporation under the laws of Texas, engaged in business in said Bowie county, sold a second-hand Velie automobile to said Parker, a resident of Texas, but in business in said Miller county as a dealer in automobiles, taking therefor Parker's promissory note for $700, payable at a named bank in said Bowie county, 30 days after its date, to wit, said August 29, 1919. The note contained a stipulation that the title to the automobile should remain in appellant until it was fully paid for. It (the note) was never registered or recorded in either Texas or Arkansas. The sale to Parker was made in Texas, but the auto company expected, when it sold and delivered the car, that Parker would remove it to his place of business in Arkansas. Parker did that, and the car, when it was not being used, remained at his said place of business until September 6, 1919, when he sold it to appellee for an Oakland car and $250 in cash. Appellee at the time also resided in Texas, but his place of business adjoined Parker's in Arkansas. The contract by which Parker sold the Velie car to appellee was made at Parker's place of business in Arkansas, but by the terms thereof Parker was to deliver, and did deliver, the Velie car to appellee at the latter's residence in said Bowie county, where appellee was to deliver, and did de-

liver, the Oakland car to Parker. The latter, shortly after the transaction with appellee, was adjudged to be a bankrupt. It seems about that time he left Bowie county, and his residence was unknown to appellant at the time it commenced its said suit against appellee in the Miller circuit court. In his petition for the injunction, Woosley alleged that, at the time he purchased and paid Parker for the Velie car, he had no notice, "actual or constructive, of the claim, interest or title" of the auto company, and further alleged:

"That under the laws of the state of Arkansas the plaintiff cannot successfully defend said suit on the ground of being an innocent purchaser of said automobile for value without notice, nor has he any other defense to the defendant's suit now pending in the circuit court of Miller county, Ark., under the laws of the state of Arkansas. That the Supreme Court of the state of Arkansas holds that the contract between W. F. Parker and Buchanan-Vaughan Auto Company is a conditional sale and that the title remains in the Buchanan-Vaughan Auto Company and that they have the right to recover the possession of automobile in controversy in the hands of any person in which it is found, even though such person may be an innocent purchaser for value without any notice either actual or constructive of the claim of the defendants. That the defendants knew at the time of the filing of their suit in the circuit court of Miller county, Ark., that they could not recover the possession or title nor damages for the detention of said automobile in the courts of Texas; but believing that the laws of the state of Arkansas would permit them to recover the title and possession of said automobile and damages for its detention, instituted said suit in the circuit court of Miller county, Ark., and obtained service on the plaintiff in Miller county, Ark., in fraud of the legal rights of the plaintiff to be sued in the jurisdiction of his residence and in the jurisdiction of all parties to this suit."

A. L. Burford, of Texarkana, for appellant. Wheeler & Robinson, of Texarkana, for appellee.

WILLSON, C. J. (after stating the facts as above). [1] If it was true, as appellee alleged it was, that he was an "innocent purchaser" of the automobile, and that because he was such a purchaser he was entitled by the law the Texas courts would apply to the case to protection against the claim of the auto company, and if it was also true, as appellee further alleged it was, that, notwithstanding he was such a purchaser, he was not entitled to protection against said claim by the law the Arkansas courts would apply to the case, the special judge did not err when he overruled the auto company's motion to dissolve the injunction. 15 C. J. 1184; 14 R. C. L. 412 to 416; 7 R. C. L. 1070. Therefore the judgment should not be disturbed if it appears: (1) That ap-

pellee was an "innocent purchaser" of the automobile within the meaning of the law; (2) that because he was such a purchaser he would be entitled by force of law the Texas courts would apply to protection in a suit by the auto company against him; and (3) that the fact that he was such a purchaser will not by force of law the Arkansas courts will apply to the case entitle him to protection in the suit brought by the auto company against him in that state.

[2] We think it sufficiently appears in the record that appellee was an "innocent purchaser," for it was shown that he paid Parker a valuable consideration for the automobile, believing in good faith that Parker owned it, and without notice of any kind that the auto company had or claimed an interest in it.

The automobile was in Texas at the time the auto company sold it to Parker, and the contract covering the sale thereof was made and was to be performed in Texas. By force of the laws of Texas the contract operated as a chattel mortgage only, even as between the parties, notwithstanding the reservation by the auto company to itself of the title to the automobile until Parker paid for it. Vernon's Statutes, art. 5654; Crews v. Harlan, 99 Tex. 93, 87 S. W. 656, 13 Ann. Cas. 863; Harling v. Creech, 88 Tex. 300, 31 S. W. 357; Hall v. Machine Co., 33 Tex. Civ. App. 526, 77 S. W. 1054. Such being the effect of that contract by the law the Texas courts would apply, they would hold that the title to the automobile passed to Parker, and that the only interest the auto company had left in the car was that of a lienor.

[3] The testimony in the record to show the law the Arkansas courts would apply in determining the validity and legal effect of said contract consists (1) of the statement of an attorney acquainted with the laws of that state and the practice in said courts, and (2) of the decision of the Arkansas Supreme Court in Public Parks Amusement Co. v. Embree-McLean Carriage Co., decided in 1897 and reported in 64 Ark. 29, 40 S. W. 582. It will not be necessary to refer further to the statement of said attorney in the record, as the parties agree that the opinion in the case specified "is the latest expression of the courts of Arkansas with reference to the question of law therein discussed and involved, and that it is now and was at the time of the institution of this suit the law governing the question therein involved in the State of Arkansas."

In the case specified, the carriage company, in Missouri, sold certain carts to the amusement company, taking its promissory notes for the purchase price. The notes contained a stipulation that the title to the carts should remain in the carriage company until they were paid. By the law of Missouri the reservation by the carriage company of the title to the carts was valid as between it and the amusement company, but was invalid as against third persons unless the contract evidencing it was reduced to writing, acknowledged, and duly recorded. After it purchased the carts, the amusement company carried them to Arkansas and there conveyed them to a trustee to secure a debt it owed one Butler, who intervened in the replevin suit brought by the carriage company, claiming that he stood in the attitude of and was entitled to protection as an innocent purchaser of the carts. In affirming a judgment in favor of the carriage company, the Arkansas Supreme Court said:

"The statute of Missouri requiring the record in that state of an instrument by which title to personal property is retained in the vendor thereof, until payment therefor is fully made, to give it validity against creditors, has no operation or effect in Arkansas. By the laws of Missouri, as provided in this case, the reservation of title by the seller until the property is paid for, though invalid as against third persons, unless the contract is reduced to writing, acknowledged, and duly recorded, is valid as between the parties; and if the purchaser holding possession under such a conditional sale, brings the property into Arkansas, and here sells it to a third person, the title of the latter cannot prevail against that of the original vendor, under the laws of Missouri. Weinstein v. Freyer, 93 Ala. 257, 9 So. 285 [12 L. R. A. 700], and cases cited. Under the settled decisions of this court, where the vendor of personal property expressly retains the legal title in himself until the purchase money is paid, no title passes to the purchaser by the delivery of possession, and he can convey none to a subsequent purchaser, though without notice, until the purchase money is paid. * * * The contract in this case was made and was to be performed in Missouri. This being true, the laws of Missouri must govern as to the validity, interpretation, and construction of the contract."

The effect of the decision, as we understand it, is to show that in the auto company's suit against appellee pending in the Miller county circuit court the courts of Arkansas will, as the Texas courts would in a like controversy, apply the laws of Texas in determining the validity, interpretation, and construction of the contract between the auto company and Parker. It seems therefore that the Arkansas courts, in the trial of the auto company's said suit, will not hold, as their laws would require them to had the transaction occurred in that state, that the title to the automobile remained in the auto company until Parker paid for it, but will hold, as the Texas courts would, that the title passed to Parker, and that the auto company had no other claim to the car than that of a mortgagee without right of possession. The contract between appellee and Parker was made and was to be, and it was, performed in part in Arkansas. Therefore the Texas courts would treat it as an Arkan-

sas contract, nothwithstanding it was to be and was partly performed in Texas, and in determining its meaning and effect would look, as would the courts of Arkansas to the law of Arkansas. Ry. Co. v. Harris, 1 White & W. Civ. Cas. Ct. App. § 1257; Tel. Co. v. Douglass, 104 Tex. 66, 133 S. W. 877; 12 C. J. 451; 9 Cyc. 684. So, it seems, if by the laws of Texas appellee, because he was an "innocent purchaser" of the car, was entitled to protection against the claim of the auto company, protection would be accorded to him by the Texas courts and the Arkansas courts alike; and if by those laws he was not entitled to such protection, said courts would deny it to him alike. It appears therefore that appellee was not entitled to the relief he obtained; and hence that the special judge erred when he overruled the motion to dissolve the injunction.

His judgment will be reversed, and judgment dissolving the injunction and remanding the cause, with instructions to dismiss appellee's suit, will be here rendered.