## *EX PARTE* LORENZ.

1. Chattels in possession of the mortgagor, after condition of the mortgage is broken, are not subject to levy and sale under executions against the mortgagor obtained subsequent to the mortgage; and where these chattels were levied under such executions and seized under the mortgage by the sheriff as agent of the mortgagee, and then sold for more than enough to pay the mortgage, the judgment creditors cannot require the sheriff by rule to pay the surplus to them.

2. Is an endorsement on the judgment for the purchase money necessary to a levy upon personal property, otherwise exempt from levy and sale, as it has been held to be in case of real property?

Before Hudson, J., Orangeburg, October, 1889.

This was a rule issued against A. M. Salley, sheriff, on the

application of J. P. Lorenz, debtor, to require the sheriff to pay to him certain moneys in the sheriff's hands. The sheriff made return that he had declined to pay this money over because it was also claimed by certain judgment creditors of Lorenz. The grounds of these claims and the ruling of the Circuit Judge are stated in the opinion. Lorenz appealed on the following grounds:

I. Because his honor erred in holding that the executions of F. W. Wagener & Co. against J. P. Lorenz, conferred upon A. M. Salley, as sheriff, power and authority to levy upon and sell the stock of merchandise mortgaged by the said J. P. Lorenz to J. H. Beckman, after the conditions of the said mortgage had been broken. II. Because his honor erred in holding that the payment of the mortgage to J. H. Beckman had exhausted the personal exemption of J. P. Lorenz, and that the balance arising from the sale of the said stock of merchandise in the hands of A. M. Salley. as sheriff, is applicable to the executions against the said J. P. Lorenz. III. Because his honor erred in holding that the two fund doctrine was applicable to this case. IV. Because his honor erred in holding that the accounts upon which the judgments of F. W. Wagener & Co. and J. W. Brigham & Co. were obtained, were for a portion of the said stock of merchandise ; and in further holding that the question as to whether or not there should have been certified upon the executions by the court or authority issuing the same, that said executions were issued for the purchase money of certain of the goods levied thereunder, could not affect the issues presented in this case. V. Because his honor erred in not holding that it was necessary for the court or authority issuing said processes to have certified thereon that the same were issued for the purchase money of the said stock of merchandise or a portion thereof. VI. Because his honor erred in holding that the personal exemption of J. P. Lorenz in the said stock of merchandise, or the proceeds thereof, was defeated, on the ground that the purchase money for the same had not been paid.

*Messrs. Moss & Dantzler* and *T. M. Raysor*, for appellant.

*Messrs. M. I. Browning* and *Izlar & Glaze*, contra.

March 24, 1890. · The opinion of the court was delivered by

MR. CHIEF JUSTICE SIMPSON. The appellant, a merchant of Orangeburg, on the 22nd day of May, 1889, executed a mortgage to one J. H. Beckman, covering his stock of goods, to secure $877 of indebtedness, which mortgage was duly recorded. The debt intended to be secured was evidenced by bond, dated 22nd May, 1889, and due one day after date, &c. After the execution of the mortgage, certain parties obtained judgments against Lorenz, the appellant, in June thereafter; among them F. W. Wagener & Co. and J. W. Brigham & Co., the cause of action in the Wagener & Co. judgment being an account for groceries furnished. Executions were issued upon both of these judgments, and a levy made the same day upon the stock of goods of Lorenz. Neither of said judgments had endorsement made that they were based upon the purchase money of the stock of goods in question.

Immediately after the levy, Beckman, the mortgagee, appointed the sheriff, Salley, his agent to take possession of and sell said stock of goods, which was done, the sale being made on the first Monday in July, 1889; the sheriff having advertised that, by virtue of a certain mortgage and certain executions, he would on that day sell said stock of goods, &c., "levied on as the property of Lorenz under Beckman's mortgage, and at suits of F. W. Wagener & Co. and others." The proceeds of the sale amounted to more than sufficient to pay the mortgage debt by $534.10, which balance remained in the hands of the sheriff after paying off said mortgage, costs, and expenses, and the contest here is over this balance. Lorenz claims it from the sheriff as an exemption to him under the homestead law. The judgment creditors claim it as applicable to their judgments.

The matter was brought before the court below by rule on the sheriff. His honor, Judge Hudson, who heard the rule and return thereto, adjudged that the judgment creditors were entitled to the money, and he dismissed the rule, ordering the sheriff to pay the amount in his hands to said creditors. This ruling was based—*first*, upon the two-fund doctrine, and, secondly, that the basis of the Wagener & Co. judgment was a debt contracted in the purchase of the stock of goods; and although there was no

certificate to that effect endorsed thereon, this could make no difference in this case. Lorenz appealed.

No question was made at the hearing below as to the validity of the mortgage. It was not assailed in any way, nor was it denied that the condition thereof had been broken before the levy of the executions by the sheriff. The mortgage, then, being unimpeached, and the condition thereof broken, the title to the property had unquestionably passed to Beckman, the mortgagee, and therefore, when it was levied upon, it did not belong to Lorenz, the mortgagor. Hence the executions had no lien thereon, nor had the sheriff any right to levy, and, in addition, the mortgagee had a perfect right to take possession as he did. It is true, the mortgagor would have had the right to redeem before sale, and still has the right to an accounting from the mortgagee. Under this state of the law, which is undoubted, as will be seen from an examination of the following cases from our own court: *Reese* v. *Lyon*, 20 S. C., 20; *McClendon* v. *Wells, Ibid.*, 520; *Levi* v. *Legg*, 23 *Id.*, 284; *Williams* v. *Dobson*, 26 *Id.*, 112; *Ex parte Knebeloch, Ibid.*, 336, we cannot see how the judgment creditors have any claim in this case to this money in the hands of the sheriff. The legal title thereto belongs to the mortgagee, as it is the product of the sale of the property of the mortgagee. True, as is said above, the mortgagee is subject to an accounting with the mortgagor; but until such accounting, the proceeds of the sale of the mortgage property is in contemplation of law in the hands of the mortgagee.

We do not see, then, how the question of the two-fund doctrine could arise. That doctrine is applicable where the debtor has property over which one creditor may have a lien as a whole, and another creditor only on a part; and the question arises whether or not the first creditor should not be required to exhaust so much of the property as is not covered by the lien of the second creditor, before going on the latter. These are not the facts here. The debtor here, instead of having two funds as a matter of contest between his creditors, is without even one fund. The property in dispute does not belong to him; it belongs to a third party, the mortgagee, Beckman. Nor do we see any application of the act requiring a certificate to be endorsed on a judg-

ment and *fi. fa.* that the debt was contracted for the purchase money of the property claimed as a homestead, so as to shut off such a claim. We may say, however, that we have recently held that such a certificate is necessary as to real estate. *Burnside* v. *Watkins,* 30 S. C., 459. How far this may apply to exemption of personal property, it is not now necessary to decide.

We think his honor's rulings were error, having no application here for the reasons given; the property in question—we mean the money in the hands of the sheriff—not belonging to the debtor, but to a third party, who is not before the court. The questions raised and decided have no application to 'the .case. We adjudge nothing now as to the right of the debtor Lorenz in this money under the homestead law, should it ever reach him upon an accounting with the mortgagee. We only adjudge now that the judgment creditors have no claim on it in its present shape, for the reason that in law it belongs to the mortgagee, and not to their debtor.

It is the judgment of this court, that the judgment of the Circuit Court be reversed.