The decree rendered on Circuit by the Hon. Frank B. Gary, Circuit Judge, in case of *Seignous v. Limehouse, Sheriff,* reported, *ante,* 107 S. C. 546, 93 S. E. 193, is of interest to the profession, as dealing with the rights and remedies of an innocent mortgage in property subjected to forfeiture because of the acts of the mortgagor, and is here published.

### SEIGNIOUS v. LIMEHOUSE, SHERIFF.

1. The alleged unconstitutionality of an act of the legislature is not a ground for issuance of *mandamus.*
2. A mortgagee of a chattel, seized for forfeiture because of a violation of law by the mortgagor, has an adequate remedy at law for its recovery, other than by mandamus to compel its delivery.

December 16, 1916.

The Circuit decree follows:

The relator, George W. Seignous, seeks to enforce his rights by a writ of mandamus. The circumstances under which his supposed rights arise may be stated briefly as follows:

J. E. Bulwinkle was arrested by the sheriff of Dorchester while transporting in the nighttime in an automobile what was supposed to be contraband liquors. The automobile was seized and sold at public outcry for the purpose of confiscating it. The said Bulwinkle had previously executed to the relator a valid mortgage of the car. The mortgage was duly recorded, it matured between the time of the seizure and the attempted sale of it. The relator notified the sheriff of his mortgage, and protested against the sale except as subject to his mortgage. At the sale the relator was the highest bidder and the car was "knocked down" to him. So far as the evidence shows he did not participate in, consent to or have knowledge of any improper or illegal use to which it would be put, nor did he voluntarily or negligently permit the property to be in the custody or under

the control of the mortgagor under circumstances which would reasonably lead him to apprehend that it would be used in transporting liquors in the nighttime.

When the car was "knocked down" to the relator he tendered his mortgage in payment of his bid. The sheriff refused to deliver the possession of the car to him, and he has petitioned for a writ of mandamus to compel the delivery of the car to him, because he was the highest and last bidder.

The relator claims that the act under which the sheriff claims to have acted is unconstitutional for reasons specified in his moving papers. He claims also that his rights as the holder of a valid mortgage are superior to those of the State, and, therefore, when the State, through the sheriff, undertook to confiscate and sell the car, and the relator was the highest bidder, the sheriff should be compelled by a writ of mandamus to deliver the car to him.

In so far as the unconstitutionality of the act under which the sheriff proceeded, is concerned, we need only quote the language of our Supreme Court in *Ex parte Lynch, Trustee,* reported in 16th S. C., page 40, which was quoted with approval in *Port Royal Mining Co. v. Hagood,* 30 S. C. 524, 9 S. E. 686, as follows:

"We have just seen that mandamus only lies for the enforcement of a plain ministerial duty; but it is not obvious how that can be plain duty which is only made to appear by declaring an act of legislature unconstitutional.

It is not the province of the board of agriculture to determine the constitutionality of laws defining their own powers; nor will the Courts upon summary proceedings in mandamus determine as to the constitutionality of statutes affecting the right of third persons."

Continuing, the Court said: "The writ of mandamus is the highest judicial writ known to the law, and it is well settled that it issues only in cases where there is a specific legal right to be enforced, or where there is a positive duty to be performed, and where there is no specific remedy.

When the legal right is doubtful or where the performance of the duty rests in discretion, or when there is other adequate remedy a writ of mandamus cannot rightfully issue." See *Ex parte Mackey,* 15 S. C. 330.

From this it is plain that the alleged unconstitutionality of the act in question should not be considered as a ground for the relief asked for by the relator herein; and that if the relator has other adequate remedy, or if the act sought to be compelled is not a plain ministerial duty the relator cannot get relief in this proceeding. These conditions are present.

It may be that the entire matter before me should be disposed of in the light of the law quoted, and this order brought to a conclusion here, because the act sought to be compelled is not a plain ministerial duty, and for the reason that the relator has other adequate remedy. But, on the other hand, an expression of opinion on the main proposition of law that will apparently affect the controversy, although not necessary to the decision here, may have the effect of putting an end to the litigation. I, therefore, give my view of this proposition of law.

The proposition is, that, inasmuch as the relator holds a valid mortgage of the car in dispute, and inasmuch as he was innocent of any improper or illegal use to which it was being put, he has rights superior to those of the State, and those rights cannot be forfeited by the acts of the mortgagor; and, therefore, the sheriff should be compelled to turn the car over to him upon his exhibiting his mortgage and offering to pay the costs, he being the highest bidder at the attempted sale.

It seems to us that the first part of this proposition correctly states the law, but it by no means follows that mandamus is the appropriate remedy to enforce relator's rights arising thereunder.

"After breach of the condition of a mortgage of personal property the legal title to the property becomes vested in the mortgagee, subject only to the right of the mortgagor to redeem, before sale, or after sale, to an accounting in

equity for the surplus, if any, over the debt secured by the mortgage." *Martin v. Jenkins,* 51 S. C. 42, 27 S. E. 947; *Reese v. Lyon,* 20 S. C. 20; *McLendon v. Wells,* 20 S. C. 514; *Williams v. Dobson,* 26 S. C. 110, 1 S. E. 421; *Ex parte Knobeloch,* 26 S. C. 336, 2 S. E. 612; *Ex parte Lorenz,* 32 S. C. 368, 11 S. E. 206; *Wylie v. O. R. & C. R. R.,* 48 S. C. 405, 26 S. E. 676.

When the possession of the car was transferred from the mortgagor to the sheriff, the relator's qualified ownership became an absolute ownership, subject to certain rights of the mortgagor enumerated in the foregoing quotations. The mortgagee was then in a position to demand and enforce by the appropriate proceeding his right of possession. This right he still has. Under the facts and circumstances previously narrated he could not be deprived of his right of possession by the unlawful acts of the mortgagor.

The point seems to us to have been conclusively settled by the case of *Moody v. McKinney,* 73 S. C. 438, 53 S. E. 543. In that case the Court held that "a horse, buggy and harness belonging to one who did not participate in, consent to or have knowledge of any improper or illegal use of his property; or has not negligently or voluntarily permitted his property to be in the custody and control of another under circumstances which could reasonably lead him to apprehend that the property would be used in transporting liquors in the nighttime, is not subject to confiscation under Crim. Code 594." *Moody v. McKinney,* 73 S. C. 438, 53 S. E. 543.

"So, also, it should be held that the legislature did not intend to declare a forfeiture of property in a case where the owner is not chargeable with any fault or negligence with reference to the custody or use of his property." *Ibid.*

"We are aware that some cases in the Federal Courts with reference to forfeiture declared in maritime revenue laws, regard the property as the offending party, and forfeitures are sustained without regard to the innocence of the owner

and from the necessity of the case, but we will not push the doctrine to the extent of holding that property is the offender even though its owner is in nowise connected with its unlawful use by knowledge, acquiescence, fault or power of control." *Ibid.*

Whilst the relator apparently had and still has rights of which he could not be deprived by the acts of the mortgagor, he has by mistaking his remedy very much complicated an otherwise simple case. He has recognized a sale at which the rule of *caveat emptor* applied, and at which the sheriff would not be warranted in accepting anything in payment of a bid but the cash. At least he is not compelled to do so. It certainly was not his plain ministerial duty to accept as payment anything but cash. *State ex rel. Harley v. Lancaster,* 46 S. C. 282, 24 S. E. 198; *State ex rel. Snelling v. Turner,* 32 S. C. 348, 11 S. E. 99. An attempted sale may be without authority of law, but it does not follow that it is the plain duty of the sheriff to turn over to another who claims it, property in his possession and sought to be sold. It is equally clear that the claimant is not without adequate remedy.

It is unfortunate that an end cannot now be put to this litigation, but the rules of procedure are enacted for a useful purpose. Time has approved their wisdom and the Court would not be warranted in disregarding them even to bring about an end of litigation. Possibly since the Court has announced herein its views upon the proposition of law which affects and apparently determines the rights of the parties herein, although such announcement is not necessary to the conclusion reached, the sheriff will, of his own motion, terminate the litigation. But with this we have nothing to do.

It is, therefore, ordered and adjudged, that the relief prayed for herein be, and the same is, refused, but without prejudice to the rights of the several parties hereto to institute such proceedings as they may deem proper to enforce their respective rights.