## 12331

## FINANCE CORPORATION OF AMERICA v. McGHEE *ET AL.*

### (140 S. E., 691)

SALES—PRIOR JUDGMENT CREDITOR OF PURCHASER OF AUTOMOBILE, ON
    UNRECORDED CONDITIONAL SALE, DID NOT, BY LEVY, OBTAIN LIEN
    SUPERIOR TO THAT OF SELLER.—Prior judgment creditor of pur-
    chaser of automobile, on conditional sale contract, did not, by

levy on automobile, thereby secure a lien superior to that of seller, even though contract was not recorded, since such prior judgment creditor, not having extended credit on faith of ownership of automobile, received by virtue of levy only such interest as debtor at such time had therein.

Before Henry, J., Richland, March, 1926.  Affirmed.

Action by the Finance Corporation of America against J. Rutledge McGhee and one Straight Eight Packard automobile, motor No. 211076, serial No. 211126, Alex Heise, Sheriff of Richland County, and others.  Judgment for plaintiff, and defendant last named appeals.

*Messrs. Graydon & Graydon,* for appellant, cite: *Sales agreement here nothing more or less than a chattel mortgage:* 112 S. C., 243. *Chattel mortgage according to Florida law:* Sec. 3836, Vol. 2, Rev. Gen. Stat. of Fla., 1920; 106 So., 402. Recording statute: Sec. 5312, Code. *Courts of this State will not enforce laws of other states where such enforcement is contrary to the policy of this State as expressed by Statute:* 103 S. E., 460. *Where the lex situs makes the validity of a document to depend upon a certain mode of acknowledgment and registry, these conditions must be complied with:* Sec. 275, *Wharton on Conflict of Laws;* 96 Ga., 489-492; 117 S. E., 255.

*Messrs. James Y. Perry* and *Edward B. Guerry,* for respondent, cite: *Objections not made below cannot be made on appeal:* 2 R. C. L., 9; 137 S. C., 113. *General rule is that contracts are construed in accordance with the law of the state where they are made:* 19 S. C., 583; 65 Am. Dec., 651, 654; 24 R. C. L., 452; *Dudley Law, 7;* 1 Nott & McCord, 173; 2 Hill, 601; 4 Rich., 219. *Distinction between conditional sales agreement and chattel mortgage:* 11 C. J., 410; 1 So., 59; 107 So., 684; 100 S. E., 15. *"Mortgage":* 50 So., 754; 106 So., 402; 107 So., 684; 57 So., 238; 111 So., 519. Construction of Sec. 3836, Rev. Gen. Stat. Fla., 1920; 5 Fla., 373; 50 So., 754; 1 So., 59. *Conditional sales agreement does not have to be recorded:* 11 C. J., 415. *Recording under Florida Statute:* 1 So., 59; 21 So., 791; 63

So., 824; 18 So., 599; 201 Fed., 1, 94. *Where a conditional sale is valid in state where made, without recording, its subsequent removal without permission of seller to foreign state and transfer to a third party; same will not become invalid for want of recording:* 24 R. C. L., 453; 88 S. C., 212; 224 S. W., 1036; 215 Pac., 364; 94 So., 138; 29 Atl., 809; 80 Pac., 1151; 100 S. E., 15; 1 Williston on Sales, Sec. 339. *Construction of contract at bar under South Carolina law:* 125 S. C., 187; 27 S. C., 576; 1 S. C., 309; 125 S. C., 332; 13 Rich., Eq., 222; 21 S. C., 212; 56 S. C., 463. *Cases distinguished:* 117 S. E., 255; 103 S. E., 460; 96 Ga., 489.

December 23, 1927.

The opinion of the Court was delivered by MR. JUSTICE STABLER.

This is an action in claim and delivery for the possession of an automobile or the value of same.

The undisputed facts are: On April 6, 1925, one J. W. McKee, Jr., in the County Court of Richland County, obtained judgment against J. Rutledge McGhee, one of the defendants in this action, in the sum of $887.27, with costs. On the same date the judgment was entered up in the office of the Clerk of Court for Richland County.

On June 6, 1925, McGhee purchased, at Tampa, Fla., from the Cary Crane Motors, Inc., one Packard Eight roadster, for the total time price of $4,637.68, paying in cash, on or before delivery of same, $1,504.72, leaving a deferred balance of $3,132.96. The purchaser and seller executed a conditional sales contract of the car, containing a number of provisions and stipulations, among which were: (1) That title to the property should not pass to the purchaser until the amount owing was paid in full; (2) that failure to pay any monthly installment when due would render the entire amount owing due and payable at once; (3) that McGhee should not remove the property from the State of Florida, referred to in the contract as his residence, without

permission of the seller; and (4) that the purchaser should execute in favor of the seller his promissory note for the deferred balance. This paper was never recorded.

In accordance with the provisions of the sales contract, the purchaser duly executed in favor of the seller, for the deferred balance of $3,132.96, his promissory note, "payable in twelve equal monthly installments of $266.08 on the 6th day of each month, beginning July, 1925."

In June, 1925, the Cary Crane Motors, Inc., sold and assigned in writing to the Finance Corporation of America, the plaintiff in this action, the note and the conditional sales contract, with all right, title, and interest of the assignor in and to the automobile, etc. Default was made in payment of the November installment.

On November 19, 1925, McGhee was in the city of Columbia with the car, and McKee on that date issued execution on his judgment, and placed same in the hands of Sheriff Alex Heise of Richland County, one of the defendants in this case, for the purpose of having the automobile levied upon and sold, and the proceeds applied to the payment of the judgment. The sheriff at once levied upon, and took possession of, the car.

Later, the plaintiff brought this action, in claim and delivery, alleging the sale of the automobile to McGhee by the Cary Crane Motors, Inc., as above set forth; the assignment by the seller of all its right, title, and interest in the note and conditional sales contract to the Finance Corporation of America, the plaintiff; default on the part of McGhee in payment of the November installment, rendering the entire amount due and payable according to the terms of the contract; and that the other defendants named in the action claimed to have some interest in the automobile. Judgment was asked against McGhee for the sum of $2,088.64, with interest, attorney's fee and costs, and for the possession of the car or its value, $3,000.

It does not appear that any of the several defendants answered except the defendant, Sheriff Heise. He alleged that, pursuant to the execution lodged with him, he had levied upon the automobile described in the complaint while it was in the possession of the defendant McGhee; that such levy was made without notice or knowledge of the claim of any third party; and that the contract of sale set up by the plaintiff was a chattel mortgage, and was without force or effect so far as he or McGhee was concerned, since it had not been recorded either in Florida, or South Carolina, as required by the law of these states.

On the pleadings, as indicated, the case was tried before Judge Henry and a jury, in the Common Pleas Court for Richland County, March, 1926. Testimony establishing facts above set forth was undisputed. The defendant Sheriff Heise made a motion for a directed verdict, which was refused. The plaintiff's motion for a directed verdict was granted upon grounds not appearing in the record.

The defendant Heise appeals. The exceptions raise a number of questions, but, under the facts shown, we deem it unnecessary to discuss them all.

For the purpose of this decision, whether the conditional sales contract, made in Florida, is a chattel mortgage under the laws of that state, and required to be recorded there, is immaterial, even if such law bearing upon these questions had been properly pleaded and proved, which appellant contends was not done. Likewise, whether the sales contract is a chattel mortgage, and required to be recorded under the laws of South Carolina, is rendered immaterial by the facts of the case. Of course, if the rights of an innocent third party, such, for instance, as a *bona fide* purchaser, for value without notice, were involved, a different question would be presented. But no such question here arises.

The facts are clear that McKee, at the time of the purchase of the automobile, was a judgment creditor of McGhee, and that his judgment had been entered in the office

of the Clerk of Court for Richland County; that the automobile was brought into South Carolina and Richland County from the state of Florida where McGhee purchased it, and where he represented himself as living, there being still owing on the car, as a part of the purchase price, several thousand dollars under a contract which provided that the seller retained title to the car until it was fully paid for. Under this state of facts, can it be fairly contended that, because the seller of the automobile or the assignee of the conditional sales contract failed to record same, a prior judgment creditor of the purchaser, levying upon the automobile under execution, thereby secured a lien superior to that of the seller? The question answers itself. When McKee levied on the car, his lien attached to no more interest than McGhee at the time had therein. Hence McKee, as such judgment creditor of McGhee, could take only whatever interest or right McGhee had in the automobile at that time, which was *whatever equity remained after the plaintiff's claim was paid in full.* Nor does the fact that the conditional sales contract has the legal effect of a chattel mortgage in this state, and is required to be recorded, make any difference.

In the case of *Carroll v. Cash Mills,* 125 S. C., 332; 118 S. E., 290, the purpose of the recording acts is thus stated:

"The whole purpose of the recording acts is to prevent secret liens, to protect *bona fide* purchasers for value and subsequent creditors, who have relied on the apparent possession of the vendee, to purchase from him or to extend credit to him. When the vendor has thus led the purchaser or subsequent creditor to rely upon the apparent title of the vendee, he is estopped from setting up his title in derogation of their rights. He still has the title, but, as against these classes of persons who have been misled by his conduct, the Court says he should not be allowed to show title. In such retention of title agreement, the vendor retains the title to the goods until payment, and can only lose his right to set

it up by his conduct in allowing others to think that the vendee has title. In the present case there is no ground for such an estoppel; the creditors extended credit to the vendee before he came into possession of the goods. They did not rely on this machinery in extending credit, for it had not been delivered at the time of the credit; the only way the creditors could have known of the intended delivery of the machinery was through a knowledge of the contract to deliver, and such contract would have given them knowledge of the retention of title by the vendor, thus making them creditors with notice and not within the terms of the Statute."

See, also, *Carraway v. Carraway*, 27 S. C., 576; 5 S. E., 157.

It is clear that, under the facts of the present case, McKee· cannot claim the protection of the recording acts, as his transaction with McGhee was not in any way affected, nor was the credit which he extended to McGhee induced by McGhee's ownership of the automobile.

The judgment of the Circuit Court is affirmed.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES COTHRAN, BLEASE, and CARTER concur.

MR. JUSTICE COTHRAN: See *Ex parte Lorenz*, 32 S. C., 365; 11 S. E., 206; 17 Am. St. Rep., 862.