José de Gracia, demandante-apelado, *v.* Gerardo Guardiola, demandado, y Mario Escudero, tercerista-apelante; José de Gracia, demandante-apelado, *v.* Gerardo Guardiola, demandado, y Algio Guardiola, tercerista-apelante.

Nos. 4324 y 4325.—*Vistos:* Diciembre 16, 1927. *Resueltos:* Julio 16, 1928.

*F. Soto Gras,* abogado de los terceristas-apelantes; *Blondet & Campillo,* abogados del apelado.

El Juez Asociado Señor Aldrey, emitió la opinión del tribunal.

Seguiremos estos recursos con el título que los terceristas pusieron en sus demandas, a saber "José de Gracia v. Gerardo Guardiola y Mario Escudero, tercerista", e igual forma en el otro pleito, con la diferencia de ser el tercerista Algio Guardiola, cuando en realidad han debido titularse Mario Escudero, o Algio Guardiola, según el caso, v. José de Gracia y Gerardo Guardiola.

Para asegurar José de Gracia después de sentencia la condena de pagar dinero que obtuvo contra Gerardo Guardiola hizo que el 9 de junio de 1926 se embargaran dos auto-ómnibus, que en adelante llamaremos guaguas por ser el nombre con que generalmente son conocidos aquí esos vehículos de pasajeros, de las cuales una, que tiene el nombre de Eisman, estaba en poder de Mario Escudero, y fué tasada entonces por el marshal en $1,500, cuya devolución obtuvo mediante fianza que fué prestada por cantidad de $3,000: la otra guagua, cuyo nombre es María Luisa, fué embargada en poder de Algio Guardiola, tasada por el marshal en $4,000, y obtuvo su devolución también con fianza de $8,000.

Después de esos embargos presentaron Mario Escudero y Algio Guardiola demandas separadas de tercería con el fin de que esos vehículos. queden libres del embargo, alegando cada uno ser el dueño respectivamente de una de esas guaguas por haberla comprado. A esas demandas se opuso solamente el demandado José de Gracia y celebrados los correspondientes juicios recayó sentencia en ellos declarando sin lugar las respectivas demandas y condenando a Mario Escudero y a Algio Guardiola y a sus fiadores a pagar $1,500 el primero y $4,000 el segundo a José de Gracia con intereses legales desde el embargo y las costas.

De esas sentencias apelaron los terceristas para ante nos-

otros presentando alegatos comunes en ambos casos por fundarse los recursos en los mismos motivos, por lo que resolveremos ambos asuntos en una sola opinión.

■ El motivo fundamental de la corte inferior, como lo demuestra su argumentación, para declarar sin lugar esas demandas de tercerías es, que apareciendo probado que ambas guaguas fueron compradas por los terceristas a la mercantil Alvarez Hermanos en contratos de venta condicional en los que esos vehículos quedaban de la propiedad absoluta del vendedor mientras su precio pagadero en plazos fuese satisfecho, los terceristas carecen de acción y personalidad para establecer dichas demandas como dueños de esas guaguas.

Ese fundamento se impugna como erróneo en el primer motivo de estos recursos y lo es, según hemos resuelto hoy en el caso de Montalvo v. Valdivieso, No. 4322, (pág. 545) en el que por las razones allí consignadas decidimos que en los contratos de venta condicional la propiedad se transfiere al comprador aunque sujeta a la condición resolutoria del contrato y que por tanto tal comprador puede ejercitar la acción correspondiente por daños causados a la propiedad así comprada, y por consiguiente puede también reclamar en tercería la propiedad comprada de esa manera.

■ También dijo la corte como razón adicional en cada uno de esos casos lo siguiente: "Por otra parte, examinada en conjunto toda la evidencia presentada en este caso (aun suponiendo que un título de *venta condicional* fuere suficiente para interponer una tercería), llegamos a la conclusión de que, por todas las circunstancias que concurren en este caso y que aparecen de la prueba, debe declararse sin lugar la demanda de tercería." Esto es todo lo que se dice sobre ese fundamento en el que no se expresan cuáles son las circunstancias concurrentes para que la prueba justifique que se declaren sin lugar las respectivas demandas de tercería.

Hemos examinado la prueba en ambos casos y no encon-

tramos circunstancia alguna para que se rechacen las pretensiones de los terceristas si su compra condicional les da derecho a reclamar esas guaguas en tercería. De la prueba resulta que la guagua María Luisa fué vendida por Alvarez Hermanos condicionalmente a Gerardo Guardiola, quien en 10 de diciembre de 1925 la devolvió a los vendedores mediante un documento escrito de dación en pago: que en esa misma fecha Alvarez Hermanos la vendieron a Algio Guardiola, hermano de Gerardo Guardiola, seis meses antes de ser embargada, por documento escrito de venta condicional: que ese traspaso fué registrado entonces a favor de Algio Guardiola en la oficina de automóviles del Departamento del Interior: que Algio Guardiola ha pagado las contribuciones de esa guagua y los plazos debidos a Alvarez Hermanos, restándole por satisfacerles solamente unos quinientos dólares y que adquirió de Gerardo Guardiola la licencia que tenía de la Comisión de Servicio Público para transportar pasajeros en dicha guagua. La prueba en el caso de Mario Escudero es parecida a la anterior pues también resulta que la guagua Eisman la vendió Alvarez Hermanos a Félix Escudero, quien trabajó con ella mediante un certificado para conducir pasajeros que adquirió de Gerardo Guardiola, porque entonces no se daban certificados nuevos: que algún tiempo después la devolvió a los vendedores por dación en pago: que en 30 de diciembre de 1925, seis meses antes del embargo, Alvarez Hermanos la vendió a Mario Escudero en venta condicional mediante documento escrito: que la guagua fué registrada a nombre de Mario Escudero como compra condicional en la oficina de automóviles del Departamento del Interior: que para operar con ella conduciendo pasajeros adquirió la licencia que tenía Gerardo Guardiola, traspaso que fué aprobado por la Comisión de Servicio Público el 29 de diciembre de 1925: y que esa guagua nunca fué vendida por Alvarez Hermanos a Gerardo Guardiola.

· No vemos en esa prueba circunstancia alguna que impida dictar sentencia a favor de los terceristas.

Las sentencias apeladas *deben ser revocadas en ambos casos,* dictándose otras declarando con lugar las demandas de tercerías sin especial condenación de costas.

El Juez Asociado Señor Texidor no intervino.