THE COMMERCIAL CREDIT Co., Plaintiff and Appellant, *v.* HERMINIO SOTO CARDONA ET AL., Defendants and Appellees.

No. 5062. Argued March 20, 1930.—Decided July 22, 1930.

*Frazer & Castro Fernández* for appellant.    *A. Reyes Delgado* for appellees.

MR. JUSTICE WOLF delivered the opinion of the Court.

It is perfectly true that in *Montalvo* v. *Valdivieso,* 38 P.R.R. 487, and *De Gracia* v. *Guardiola,* 38 P.R.R. 513, we decided that a purchaser under a contract for a conditional sale had sufficient title to bring actions against third persons, just as if the conditional sale did not exist and he were the outright owner. These decisions do not affect the relations between the parties to the conditional sale. As the name implies, the contract reserves rights in the vendor. The purchaser has a defeasable title in a proper case at the instance of the vendor who has a reversionary title. The title, as against the vendor, is not perfect.

In this case the property in question, being in the hands of the purchaser, was attached by a creditor. The Commercial Credit Company, assignee of the rights of the original vendor, brought suit both against the purchaser and the creditor, and lost. The court held that the attaching creditor was a third person. Previously the court had decided that the attempt to record the document had failed because it was not recorded at the domicile of the debtor.

We are entirely agreed with the appellant that an attaching creditor is not a third person within the meaning of the law. If I place a piece of furniture to be repaired in the hands of a dealer, it is mine and can not be attached to pay

the debts of the dealer. Who are third parties is indicated by our decision in *Longpré et al.* v. *Wolff et al.*, 23 P.R.R. 13. An attaching creditor acquires no more right to the thing attached than had the debtor. *Connolley* v. *Power*, 232 Pac. 744; 6 C. J. 242–243, notes 96, 97, and 98. The creditor stands in the shoes of the debtor. Specific cases deciding that this principle is applicable to conditional sales are: *Finance Corporation of America* v. *McGhee*, 142 S. C. 380, 140 S. E. 691, 55 A.L.R. 1133; *American Law Book Co.* v. *Brunswick Cross-tie & Creosoting Co.*, 77 S. E. 104; *Mergenthaler Linotype Co.* v. *Hull*, 239 Fed. 26.

The judgment will be reversed and the case remanded for further proceedings not inconsistent with the opinion.