The Commercial Credit Co., tercerista y apelante, *v.* Herminio Soto Cardona y J. Charriz & Co., S. en C., demandados y apelados.

No. 5062.—*Sometido:* Marzo 20, 1930. *Resuelto:* Julio 22, 1930.

*Frazer & Castro Fernández,* abogados de la apelante; *A. Reyes Delgado,* abogado de los apelados.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

Es enteramente cierto que en los casos de *Montalvo v. Valdivieso,* 36 D.P.R. 545, y *Gracia v. Guardiola,* 38 D.P.R. 573, resolvimos que el comprador en un contrato de venta

condicional tenía un título suficiente para instituír acciones contra terceros, tal cual si la venta condicional no existiera y él fuera el verdadero dueño. Estas decisiones no afectan las relaciones existentes entre las partes en la venta condicional. Según indica el nombre el contrato reserva derechos al vendedor. El comprador tiene un título revocable en un caso adecuado a instancias del vendedor, quien tiene un título que revierte a él. En lo que al vendedor se refiere el título no es perfecto.

En este caso la propiedad en cuestión, que estaba en manos del comprador, fué embargada por un acreedor. La Commercial Credit Company, cesionaria de los derechos del vendedor original, entabló un pleito tanto contra el comprador como contra el acreedor y fué vencida en juicio. La corte decidió que el acreedor que había embargado era un tercero. Anteriormente la corte había resuelto que la tentativa de inscribir el documento no había tenido éxito debido a no haber sido inscrito en el domicilio del deudor.

Convenimos enteramente con el apelante en que un acreedor que embarga bienes no es un tercero dentro del significado de la ley. Si yo entrego un mueble a un traficante para que éste lo repare, ese mueble es mío y no puede ser embargado para responder de las deudas del traficante. Quiénes son terceros lo indican nuestras decisiones en *Longpré* v. *Wolff*, 23 D.P.R. 15. Un acreedor que embarga no adquiere más derechos sobre los bienes embargados que los que tenía el deudor. *Conolley* v. *Power*, 232 Pac. 744; 6 C. J. 242, Notas 96, 97 & 98.

El acreedor se subroga en el lugar del deudor. Casos específicos que resuelven que este principio es aplicable a ventas condicionales son los siguientes: *Finance Corporation of America* v. *McGhes,* 142 S. C. 380, 140 S .E. 691, 55 A.L.R. 1133; *American Law Book Co.* v. *Brunswick Cross-tie & Creosoting Co.,* 77 S. E. 104; *Mergenthaler Linotype Co.* v. *Hull,* 239 Fed. 26.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos.*