J. OCTAVIO SEIX & Co., INC., demandante y apelante, *v.* BROCKWAY MOTOR TRUCK CORPORATION OF P. R. y ANDRÉS MEDINA, demandados y apelados.

No. 5638. *Sometido:* Marzo 8, 1932. *Resuelto:* Diciembre 16, 1932.

*F. Colón Díaz*, abogado de la apelante; *Molina, Dubón & Ochoteco*, abogados de la corporación apelada.

El Juez Asociado Señor Wolf, emitió la opinión del tribunal.

J. Octavio Seix & Co., Inc., efectuó una venta condicional de vehículos de motor marca "Brockway" a Andrés Medina. La Brockway Motor Truck Corporation, para recobrar la suma de $1,420.44 en un pleito ordinario incoado contra Andrés Medina, embargó dichos vehículos de motor como pertenecientes al citado deudor Medina. La aludida J. Octavio Seix & Co., Inc., radicó una tercería para recobrar dichos vehículos. La Brockway Motor Truck Corporation, la acreedora que había embargado, excepcionó la demanda y la Corte de Distrito de San Juan sostuvo la excepción.

En la petición o demanda de J. Octavio Seix & Co., Inc., nada se dijo respecto a que el comprador Medina dejara de pagar los plazos adeudados por concepto de la venta condicional. La teoría de la tercerista, según revela su demanda, es exclusivamente que el título a la propiedad permaneció, y permanece, en J. Octavio Seix & Co., Inc.

La tercerista permitió que se dictara sentencia basada en la excepción, y en la apelación interpuesta el único error señalado es el siguiente:

"Erró la Corte de Distrito de San Juan, al declarar con lugar las excepciones previas formuladas contra las demandas de tercería, de acuerdo con la jurisprudencia en los-casos de *Montalvo v. Valdivieso*, 38 D.P.R. 545 y de *De Gracia v. Guardiola*, 38 D.P.R. 573, por los fundamentos de que el verdadero dueño de los automóviles es el comprador condicional y no la vendedora J. Octavio Seix & Co., Inc."

La apelante sostiene que la doctrina de los casos citados es que el comprador tiene un título suficiente para incoar pleitos contra terceros, pero en efecto que en lo que concierne a las partes que intervinieron en la venta condicional original, el vendedor tiene un título superior. El caso de *Commercial Credit Co.* v. *Soto,* 41 D.P.R. 397, se cita como análogo.

Ese fué un caso en que el punto esencial resuelto fué que un acreedor que embargaba no era un tercero respecto a los derechos existentes entre las partes en una venta condicional y que los derechos de tal acreedor no eran superiores a los del deudor.

Por consiguiente, nos sentimos obligados a resolver que el comprador en una venta condicional tiene un título o interés suficiente en los bienes para permitir que uno de sus acreedores efectúe un embargo, especialmente cuando no se demuestra que el deudor ha dejado de pagar o que el acreedor ha dado algún paso tendente a que el título vuelva a su poder.

La apelada admitió que el gravamen del vendedor no quedó sin efecto por el embargo. Nos abstenemos de considerar cuáles hubiesen sido los derechos de la apelante si hubiese tratado de proteger su gravamen.

*Debe confirmarse la sentencia.*