294 F.2d 111
 Charles W. SIMS, Trustee in Bankruptcy for Fred Graziane, Appellant,
v.
CAPITOL REFRIGERATION CO., INC., Universal C.I.T. Credit
Corporation, Globe Slicing Machine Co., Inc., and
The Vaughn Co., Appellees.
 No. 234, Docket 26614.
 United States Court of Appeals Second Circuit.
 Argued Feb. 10, 1961.
Decided Aug. 28, 1961.
 
 Cooper, Erving & Savage, Albany, N.Y. (Prescott C. Sook, Albany, N.Y., of counsel), for appellant.
 Poskanzer & Muffson, Albany, N.Y., for appellee Capitol Refrigeration Co., Inc.
 Koblenz & Koblenz, Albany, N.Y., for appellees Globe Slicing Machine Co., and The Vaughn Co.
 Harvey M. Lifset, Albany, N.Y., for appellee Universal C.I.T. Credit Corporation.
 Before LUMBARD, Chief Judge, MADDEN, Judge, U.S. Court of Claims,* and WATERMAN, Circuit Judge.
 WATERMAN, Circuit Judge.
 
 
 1
 Appellant, Charles W. Sims, is the trustee in bankruptcy for one Fred Graziane, who was adjudicated a bankrupt on December 28, 1956. Graziane was a resident of the Town of Halfmoon, New York, though his post office address was Waterford, New York, a town adjacent to Halfmoon. Appellant took possession of refrigeration equipment and display cases that were chattels that had been delivered to the bankrupt by the appellee Capitol Refrigeration Co., Inc. (Capitol) pursuant to three conditional sales contracts wherein title was reserved to the seller until the sale prices were fully paid. These contracts were executed on September 21, 1954, January 27, 1955 and October 17, 1955. Shortly after each contract was executed, each was filed by Capitol in the office of the Town Clerk of Waterford. These filings were ineffective inasmuch as the buyer's residence was not in the Town of Waterford. (New York Personal Property Law McKinney's Consol. Laws, c. 41, 66.) Balances were due and unpaid on each of the contracts at the time of the bankruptcy adjudication.
 
 
 2
 In the year 1956 one Carl Graziane, a brother of Fred Graziane, obtained a judgment against Fred. Proceedings supplementary to judgment under Article 45 of the New York Civil Practice Act were initiated, and a Receiver of the property of Fred Graziane was appointed on December 7, 1956 and qualified on December 13. On December 21, 1956 Capitol filed with the Town Clerk of the Town of Halfmoon the conditional sales contracts that it previously had filed in Waterford.
 
 
 3
 One week later, on December 28, 1956, Fred Graziane was adjudicated a bankrupt.
 
 
 4
 Capitol initiated a reclamation proceeding before the Referee in Bankruptcy to obtain possession of the chattels the trustee had seized. It claimed that title thereof had never passed to the bankrupt. The trustee moved to dismiss Capitol's petition, and also answered. Petition and answer detailed the above facts. The trustee's defenses were, first, that the receiver's title had vested prior to December 21 and he stood in the receiver's shoes, and, second, that the filings of December 21 created voidable preferences under 60 of the Bankruptcy Act, 11 U.S.C.A. 96 in favor of the conditional sale vendor.
 
 
 5
 Capitol replied, alleging that Carl Graziane had actual notice of Capitol's conditional vendor liens prior to the time he obtained his judgment against his bankrupt brother and therefore Capitol's liens were superior to the receiver's title. Capitol moved for summary judgment on affidavits supporting the allegations in its reply. Thereupon, the trustee crossmoved for summary judgment and prayed that the petition by dismissed.
 
 
 6
 The three other appellees here, Universal C.I.T. Credit Corporation, Globe Slicing Machine Co., Inc., and The Vaughn Co., joined in the reclamation proceeding and in the subsequent proceedings. Their conditional sales contracts, like those of Capitol, were first filed with the Town Clerk of Waterford, and were later filed, on December 21, 1956, with the Town Clerk of Halfmoon. Their situation is identical with that of Capitol throughout, and no evidence was taken with respect to them, for they stipulated to be bound 'with reference to the validity of their liens' by whatever decision is finally reached in Capitol's case.
 
 
 7
 Adjudicating on these cross-motions the Referee concluded 'that the receivership extended back prior to the filing of the conditional sale contract of Capitol' and that by virtue of this receivership a lien was created superior to that of the then unfiled conditional sale contracts of Capitol. He further held that the trustee succeeded to the receiver's rights under this superior lien, and he dismissed Capitol's petition. In veiew of his approach to the case, it was unnecessary for him to make any decision iwth reference to the trustee's claim that the filings of December 21 created voidable preferences in favor of Capitol, and he explicitly disclaimed that he was deciding that question.
 
 
 8
 Capitol petitioned the United States District Court for the Northern District of New York for a review of the Referee's decision. The court reversed the Referee. It found that the conditional vendors' rights were superior to any rights the trustee could have acquired through the receivership, and ordered the entry of summary judgment in favor of Capitol. In his careful opinion Judge Foley limited his discussion to the one issue decided by the Referee, and he neither discussed nor determined the issue of whether a voidable preference had been created. The trustee moved for rehearing and reargument, seeking either a determination of that issue or a remand of the proceedings to the Referee for the purpose of taking testimony with reference thereto. The petition was denied, the court stating that there had been an opportunity to make a full record before him, and, though informality was permissible in bankruptcy matters, the trustee should have earlier protected his position on this issue by either reserving the question before the Referee or by presenting it affirmatively to the judge in the review proceedings. The trustee appeals from the decision reversing the Referee, and from the denial of his petition for rehearing.
 
 
 9
 We hold that Judge Foley correctly determined that the conditional vendors' rights were superior to those of the trustee, but we also hold that he was in error when he refused to remand the proceedings to the Referee for a consideration of the voidable preference issue under 60.
 
 
 10
 Section 70, sub. c of the Bankruptcy Act, 11 U.S.C.A. 110, sub. c provides that:
 
 
 11
 '(c) The trustee may have the benefit of all defenses available to the bankrupt as against third persons, including statutes of limitation, statutes of frauds, usury, and other personal defenses; and a waiver of any such defense by the bankrupt after bankruptcy shall not bind that trustee. The trustee, as to all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt could have obtained a lien by legal or equitable proceedings at the date of bankruptcy, shall be deemed vested as of such date with all the rights, remedies, and powers of a creditor then holding a lien thereon by such proceedings, whether or not such a creditor actually exists.'
 
 
 12
 In Lewis v. Manufacturers National Bank of Detroit, 1961, 364 U.S. 603, 607, 81 S.Ct. 347, 349, 5 L.Ed.2d 323, the Supreme Court interpreted this language to mean that '* * * the rights of creditors-- whether they are existing or hypothetical-- to which the trustee succeeds are to be ascertained as of 'the date of bankruptcy,' not at an anterior point of time.'[1] We must then discover what rights, if any, the receiver had on December 28, 1956, and what rights, if any, existed on behalf of the judgment creditor for whom the receiver had been appointed, to which the trustee could succeed.
 
 
 13
 At common law the title to property subject to a conditional sales contract remained in a vendor and the vendor's rights could not be defeated by a transfer by the vendee, or by action of the vendee's attaching or execution creditors. Section 65 of the Personal Property Law of New York modified a vendor's common law protection by providing that:
 
 
 14
 '65. Conditional sales void as to certain persons
 
 
 15
 'Every provision in a conditional sale reserving property in the seller shall be void as to any purchaser from or creditor of the buyer, who, without notice of such provision, purchases the goods or acquires by attachment or levy a lien upon them, before the contract or copy thereof shall be filed as hereinafter provided, unless such contract or copy is so filed within ten days after the making of the conditional sale. This section shall not apply to conditional sales of goods for resale.'
 
 
 16
 In order, therefore, for one to avoid the reservation of title in the conditional vendor one must be either a bona fide purchaser for value or one who 'acquires by attachment or levy a lien upon them (the goods sold).' The latter class has been restricted only to those who come precisely within the language of the statute. Quinn v. Bancroft-Jones Corp., 2 Cir., 1927, 18 F.2d 727; Baker v. Hull, 1929, 250 N.Y. 484, 166 N.E. 175. In the Quinn case the conditional vendor's rights were held superior to those of a general creditor who had had an equity receiver appointed after the contract of sale had been executed but before it had been filed. In Baker an execution upon a judgment had been delivered to the sheriff for demand and levy but the contract of sale was filed before the sheriff could levy and the judgment-creditor's claim was held to be inferior to that of the conditional vendor.
 
 
 17
 Appellant distinguishes the case of the appointment of a receiver in supplementary proceedings as here, from the situation in Quinn where an equity receiver was appointed. Appellant relies upon the fact that the supplementary proceedings procedure authorized by Article 45 of the New York Civil Practice Act is an alternative to the execution procedures found in Articles 42 and 43 of New York Civil Practice Act, all of which are aimed at effectuating collection of a Judgment. The fact is that an Article 45 receiver is given no more powers than the 'usual powers and duties of a receiver.' New York Civil Practice Act, 804(2). The receiver's duty to protect the judgment-debtor's property for the benefit of the one judgment-creditor is but little different from the equity receiver's duty to protect a debtor's property for the benefit of all general creditors. Moreover, even if the two types of receivership are distinguishable in fact, the differences, if any, are immaterial to a resolution of the issue before us. That issue is whether the appointment of an Article 45 receiver creates a lien by levy or attachment. The italicized terms have well-known formal legal meanings. Baker and Quinn permit here no deviation from these clear meanings. Inasmuch as the exercise by an Article 45 receiver of his dominion over a debtor's property is neither a levy upon nor an attachment of that property, a creditor who has had such a receiver appointed cannot void a conditional vendor's reservation of title to the property even if the vendor has not filed his contract in the office prescribed by the statute. And a trustee in bankruptcy under Section 70, sub. c of the Bankruptcy Act stands in no better position.
 
 
 18
 Therefore, we affirm that portion of the opinion of the district court below that deals with this question.
 
 
 19
 Though it is clear that prior to the conditional sale vendors' filings of December 21, 1956 no rights existed in the goods either in the receiver or in the judgment-creditor that could be acquired by the trustee, the trustee can yet possess the goods free from the vendors' claims if he can show that the December 21, 1956 filings created voidable preferences under Section 60 of the Bankruptcy Act favoring the conditional sale vendors over other creditors of the bankrupt. In re Morasco, 2 Cir., 1956, 233 F.2d 11. When the Referee upon the cross-motion for summary judgment disposed of the reclamation petition favorably to the trustee he specifically disclaimed consideration of this question, and did not decide whether there were issues of fact requiring a hearing upon it. See Landy v. Silverman, 1 Cir., 1951, 189 F.2d 80.[2] Similarly, the district judge refused to consider the question, for it was first affirmatively presented to him in thr trustee's petition for rehearing. In view of the controlling considerations that require a broad approach to the problems that arise in bankruptcy administration, we hold that it was reversible error for the court to have denied the trustee's petition for a rehearing on the merits of the voidable perference issue.
 
 
 20
 We think the district court in its discretion should have granted the petition for rehearing. See New York, N.H. & H.R. Co. v. Reconstruction Fin. Corp., 2 Cir., 1950, 180 F.2d 241, 243. Accordingly we remand the case for proceedings below in conformity with this opinion.
 
 
 
 *
 Sitting by designation
 
 
 [1]
 Lewis v. Manufacturers National Bank of Detroit overruled Constance v. Harvey, 2 Cir., 1954, 215 F.2d 571, certiorari denied 1955, 348 U.S. 913, 75 S.Ct. 294, 99 L.Ed. 716, the case that Referee Ryan relied upon. Constance v. Harvey had held that the trustee acquired after adjudication rights that creditors could have acquired prior to adjudication irrespective of whether actually acquired or hypothetically acquirable. The Lewis case had not been decided when the present litigation was before Referee Ryan and Judge Foley
 
 
 [2]
 Inasmuch as the trustee was successful below he had no grounds upon which to appeal from the Referee's failure to rule on the alternative theory. In re Schwartz, 2 Cir., 1937, 89 F.2d 172