CARINA MERCURY, INC., Appellant,

v.

Enrique IGARAVIDES, Trustee, Appellee.

No. 6316.

United States Court of Appeals First Circuit.

April 22, 1965.

Wallace Gonzalez Oliver, New York City, with whom Victor House and Mc-Connell, Valdés & Kelley, San Juan, P. R., were on brief, for appellant.

Reuben Barnett, San Juan, P. R., with whom Guillermo A. Cintron Ayuso, San Juan, P. R., was on brief, for appellee.

Before ALDRICH, Chief Judge, MARIS.* Circuit Judge, and FORD, District Judge.

* By special designation.

MARIS, Circuit Judge.

This is an appeal from the District Court for the District of Puerto Rico. It appears from the record that Carina Mercury, Inc., on December 22, 1962 sold a Ford Thunderbird automobile to Mercury Lifting Service, Inc., under a written conditional sales contract which provided that the conditional vendor should retain title until full payment of the purchase price, which was to be made in twenty-four monthly installments commencing March 1, 1963. The contract was never filed in accordance with the Puerto Rico Conditional Sales Act of April 13, 1916, No. 61, as amended, § 4, 10 L.P.R.A. § 34. The conditional vendee defaulted on the installments due May 1 and June 1, 1963 and thereafter the automobile was redelivered to the conditional vendor. On June 12, 1963 the conditional vendee instituted proceedings in the district court for an arrangement under Chapter XI of the Bankruptcy Act, 11 U.S.C.A. § 701 et seq., and on September 25, 1963 was adjudged a bankrupt. The title of the conditional vendor to the automobile was attacked by the trustee in bankruptcy and its return was requested. Whereupon the conditional vendor filed a petition in the district court asking the referee in bankruptcy to enter an order directing the trustee to refrain from further efforts to retrieve the automobile and adjudging the conditional vendor to be entitled thereto. The referee, however, denied the petition, holding that the trustee in bankruptcy was a third party within the meaning of the Puerto Rico Conditional Sales Act against whom the reservation of title in the conditional vendor was void. The district court, upon review, affirmed the referee's order. This appeal followed.

■■ The order of the district court must be reversed. It will be observed that following default on June 1, 1963 and, as we understand, before the filing of the petition under Chapter XI of the Bankruptcy Act, possession of the automobile in controversy was restored by the conditional vendee to the conditional vendor. Under these circumstances the Puerto Rico Conditional Sales Act of April 13, 1916, No. 61, 10 L.P.R.A. § 31 et seq., upon which the trustee in bankruptcy relies to establish his right to the automobile, can have no application. For that act applies only to conditional sales of goods which are accompanied by delivery to the vendee of the goods contracted to be sold, 10 L.P.R.A. § 33, while here at the time that the trustee's rights accrued the automobile was not in the possession of the vendee but in the hands of the vendor whose possession was notice to the world of its rights therein and obviated any need for filing or registering the contract specifying them.

■ The question remains whether the repossession of the automobile by the vendor within four months of the filing of the petition under Chapter XI operated as a preference in favor of the conditional vendor which was voidable at the instance of the trustee. We think it is clear that it did not so operate. For it was not a transfer of the bankrupt's property but merely a retaking by the conditional vendor of property to which it had held title all along, Finance & Guaranty Co. v. Oppenhimer, 1928, 276 U.S. 10, 48 S.Ct. 209, 72 L.Ed. 443; Federal Finance Corporation v. Reed, 1 Cir. 1924, 296 F. 1; 4 Remington on Bankruptcy § 1727.1, and which under the Puerto Rico Conditional Sales Act it was entitled to retake. 10 L.P.R.A. § 36.

What we have said is based upon our understanding that the automobile in question was retaken by the vendor before the petition under Chapter XI of the Bankruptcy Act was filed. But the record is not wholly clear on this point and if the fact is that the repossession took place after the petition was filed it is still true that the rights of the conditional vendor are superior to those of the trustee in bankruptcy, as we shall show.

■■ Under the Bankruptcy Act the trustee is not a purchaser for value. Zartman v. First National Bank, 1910, 216 U.S. 134, 30 S.Ct. 368, 54 L.Ed. 418. He is vested, by operation of law, with the title of the bankrupt or debtor, as of

the date of filing the petition, to all his property, wheresoever located, and has, in addition, the rights on that date of a creditor holding a lien by legal or equitable proceedings. 11 U.S.C.A. § 110; Lewis v. Manufacturers Nat. Bank, 1961, 364 U.S. 603, 81 S.Ct. 347, 5 L.Ed.2d 323. What those rights are is to be determined by the local law, in this case that of Puerto Rico. Bryant v. Swofford Bros. Dry Goods Co., 1909, 214 U.S. 279, 29 S.Ct. 614, 53 L.Ed. 997.

While under the law of Puerto Rico a conditional vendee may be regarded as being for some purposes the owner of the goods conditionally sold, he does not have a title to the goods which he may assert against the conditional vendor. Commercial Credit Co. v. Soto, 1930, 41 P.R.R. 406. In this respect his position is quite different from that of a chattel mortgagor. See Bailey v. Baker Ice Machine Co., 1915, 239 U.S. 268, 271, 36 S.Ct. 50, 60 L.Ed. 275. The Puerto Rico Conditional Sales Act provides that the reservation by the vendor of ownership of goods conditionally sold, accompanied by delivery of the goods contracted to be sold, "shall be void as against subsequent purchasers, pledgees or mortgagees in good faith, or other third parties [terceros]," unless the contract is filed in the municipality where the conditional vendee resides not later than thirty days after the contract is executed. 10 L.P.R.A. §§ 33, 34. As we have seen, the conditional sales contract involved in this case was not filed in accordance with the Puerto Rico law. The question accordingly presents itself as to whether the trustee may be regarded as a subsequent purchaser, mortgagee or pledgee in good faith, or a third party [tercero], as to whom the reservation of title must be held to be void.

We have pointed out that the trustee is not entitled to be treated as a purchaser for value. Obviously he is not a mortgagee or pledgee. The trustee argues, however, that being vested with the rights of a creditor holding a lien by legal or equitable proceedings he must be regarded as a third party [tercero] entitled to the protection of the Conditional Sales Act. We cannot agree. In Commercial Credit Co. v. Soto, 1930, 41 P.R. R. 406, the Supreme Court of Puerto Rico said (pp. 406–407):

"We are entirely agreed with the appellant that an attaching creditor is not a third person within the meaning of the law. If I place a piece of furniture to be repaired in the hands of a dealer, it is mine and can not be attached to pay the debts of the dealer. Who are third parties is indicated by our decision in Longpre et al. v. Wolff et al., 23 P.R.R. 13. An attaching creditor acquires no more right to the thing attached than had the debtor. Connolley [Conolley] v. Power [70 Cal. App. 70], 232 Pac. 744; 6 C.J. 242–243, notes 96, 97, and 98. The creditor stands in the shoes of the debtor. Specific cases deciding that this principle is applicable to conditional sales are: Finance Corporation of America v. McGhee, 142 S.C. 380, 140 S.E. 691, 55 A.L.R. 1133; American Law Book Co. v. Brunswick Cross-tie & Creosoting Co. [12 Ga. App. 259] 77 S.E. 104; Mergenthaler Linotype Co. v. Hull [1 Cir. 1916] 239 Fed. 26."

The rule thus stated, that an attaching creditor acquires no greater rights than the debtor whose property he attaches was reaffirmed in Perez v. Claudio, 1935, 48 P.R.R. 559, a case which involved priority of liens. In that case the court stated (p. 564):

"An attaching creditor is not a third person (tercero) within the meaning of the law, and acquires no greater right to the property attached than had the debtor, whom he succeeds. The Commercial Credit Co. v. Soto, 41 P.R.R. 406. * * * The rights of an attaching creditor with respect to the property attached must be determined in accordance with the condition of the title at the time of the levy."

The trustee seeks to distinguish Commercial Credit Co. v. Soto from the pres-

ent case by pointing out that in the Commercial Credit Co. case the conditional sales contract was recorded, albeit in the wrong place, while in the present case the contract was not recorded anywhere. The distinction is without legal significance. Indeed the Court in that case treated the contract as an unrecorded one, thus following the rule that filing a conditional sales contract in the wrong place is ineffective. Sims v. Capitol Refrigeration Co., Inc., 2 Cir. 1961, 294 F.2d 111.

It is thus clear that under the law of Puerto Rico a conditional sales contract passes no title to the conditional vendee and is good, and the reservation of title by the conditional vendor is enforceable, as against the trustee in bankruptcy of the vendee.

The order of the district court will be reversed and the cause remanded for further proceedings not inconsistent with this opinion.