**In the matter of SIGO CORPORATION and its wholly owned subsidiary Tafgo Corporation.**

**Nos. B–88–70, B–89–70.**

United States District Court,
D. Puerto Rico.

Nov. 15, 1971.

Benjamín Rodríguez Ramón, Hato Rey, P. R., for petitioner.

Reginald J. Barney, San Juan, P. R., for trustee.

## ORDER

TOLEDO, District Judge.

This cause is presently before the Court upon a Petition to Review filed on May 25, 1971, accompanied by a brief in support of petitioners', Sigo Corporation and its wholly owned subsidiary Tafgo Corporation, reclamation on review, filed on August 3, 1971.

Sigo Corporation and its wholly owned subsidiary, Tafgo Corporation, were adjudicated bankrupts on petitions filed by them on November 9, 1970. By such date said companies had in their possession six knitting machines sold to them by Knitting Machine & Supply Co., Inc. (hereinafter "Knitting") on installments. Schedule A–2 lists as the estimated book value of such machines the sum of $55,000.00, and specifically states that the amount payable arises out of a conditional sale.

On January 29, 1971 Knitting filed a reclamation petition claiming that it was the owner of such articles. Attached to said petition was an affidavit from the president of reclamation petitioner describing the machinery concerned and stating, further, that the sales contract was an oral one and that it was agreed in said oral contract that title to the machines would not pass until full payment for said machines were made to Knitting. It was also stated by the President of the petitioner that by that date, there was due and owing to petitioner the sum of $42,289.56, plus interest to date amounting to $2,936.74 for the aforesaid machines, which was the approximately present value thereof. Mr. Van Anda, President of the petitioner, stated that the company wished to retake possession of said machines and to recover them from the premises of the bankrupt corporations.

Said reclamation petition came up for argument before the Bankruptcy Court, on March 9, 1971, at 2:00 p. m., after which it was denied upon order entered by the Honorable Referee in Bankruptcy on May 17, 1971. The Honorable Referee ruled that, (1) since no security agreement had been entered into between creditor and debtor, (2) that since the petitioner had no vendor's lien under the Civil Code, and (3) that since section 70(c) of the Bankruptcy Act grants the trustee the status of a lien creditor on the bankruptcy date, the trustee had superior rights to those of the petitioner.

Timely review was requested by Knitting from said order under Section 39(c) of the Bankruptcy Act. From the certificate of review and from the petition on review the following matters are at issue in this proceeding:

1. Whether reclamation petitioner has a vendor's lien under the corresponding articles of the Civil Code of Puerto Rico;

2. Whether the rights of reclamation petitioner are to be adjudged fol-

lowing the ruling of Carina Mercury v. Igaravides, 344 F.2d 397 (1 Cir. 1965).

3. Whether the trustee herein under Section 70(c) of the Bankruptcy Act has a lien over said properties.

■ Concerning the issue of whether reclamation petitioner has a vendor's lien, the matter has been settled against the petitioner under the recent ruling of Matter of J. R. Nieves & Co., 446 F.2d 188, decided by the Circuit Court of Appeals for the First Circuit on June 16, 1971. This was admitted by the petitioner at the hearing.

Concerning the determination of petitioner's rights in the context of Carina Mercury; (Supra), and the trustee's alleged superior rights under § 70(c) of the Bankruptcy Act, this Court held a hearing on September 24, 1971, where the parties orally argued their respective positions.

An examination of the facts in the case of Carina Mercury; Supra, reveals the inapplicability of the doctrine of said case to the case before us.

In Carina Mercury Inc. v. Igaravides, 344 F.2d 397, a Thunderbird automobile was sold by Carina Mercury, Inc., to Mercury Lifting Service, Inc., under a written conditional sales contract which provided that the conditional vendor should retain title until full payment of the purchase price. The conditional vendee defaulted on the installments and thereafter the automobile was voluntarily redelivered to the conditional vendor. The vendee, after instituting proceedings in the district court for arrangement under Chapter XI of the Bankruptcy Act, was adjudged a bankrupt. Whereupon the title of the conditional vendor to the automobile was attached by the trustee in bankruptcy and its return requested. The Referee in Bankruptcy denied the petition and the United States District Court affirmed. The Court of Appeals reversed and held that conditional seller's reservation of title was not void against trustee who was not third party under Conditional Sales Act where automobile had been returned to conditional seller whose possession gave notice to the world of its rights therein obviated any need for filing or registering the contract specifying them. It was further held that the conditional sales contract passes no title to conditional buyer and that the reservation of title by the conditional seller is enforceable against trustee in bankruptcy of buyer. 10 L.P.R.A. § 33; Bankruptcy Act §§ 70, 301 et seq.; 11 U.S.C.A. § 110, 701 et seq.

■ . In the case before us, possession of the machinery sold by Knitting Machine and Supply Co., was not restored by the conditional vendee to the conditional vendor as was the situation in Carina Mercury (supra) and no notice of any rights was given.

Moreover under the Puerto Rico Civil Code, no chattel mortgage shall be valid against any person except the debtor, his heirs, administrators or executors unless the mortgage is properly recorded according to the terms of the Act, 10 L.P.R.A. § 32. In the instant case, no chattel mortgage was even executed, much less recorded. Thus, under the Puerto Rico Civil Code, no lien exists in favor of the seller of property sold and still in the possession of the purchaser.

Under the provisions of § 70(c) of the Bankruptcy Act, the trustee has, as of the date of bankruptcy, the rights and powers of "(3) a creditor who upon the date of bankruptcy obtained a lien by legal or equitable proceeding upon all property, whether or not coming into possession or control of the court, upon which a creditor of the bankrupt upon a simple contract could have obtained such a lien, whether or not such a creditor exists."

Whereby, the privileged status of the trustee suffices to defeat the claim of petitioner herein who has not a perfected and recorded chattel mortgage or a conditional sales contract.

Wherefore, it is hereby ordered, that the petition on review is denied and that the referee's order of May 17, 1971 is affirmed.